PER CURIAM.
Appellant, convicted below of attempting to obtain a controlled substance by fraud, contends that the State failed in its proof against him. The record reveals that Appellant presented a prescription for the controlled drug Tuinal to a Jacksonville pharmacist that the pharmacist noticed irregularities in the prescription, and that while the pharmacist was studying the prescription, Appellant made a phone call and left the drugstore before the prescription had been filled. The pharmacist testified that because Tuinal was a classified narcotic, it could only be dispensed if signed by a doctor with a proper Bureau of Narcotics and Dangerous Drugs (BNDD) number. The prescription in question included the alleged signature of a “Dr. A. Colbo” and contained a B.N.D.D. Number. However, neither party presented testimony confirming or denying the existence of such a doctor, and neither presented evidence of who the ENDD number had been assigned to. The medical records director of the hospital from which the prescription came testified that there was no record of Appellant being treated at the hospital on the day of the prescription, but could not state with certainty that there was not a Dr. Colbo on the hospital’s staff on that day. He also stated that there were non-staff doctors who wrote prescriptions at the hospital, but that they were supposed to leave their records with the hospital when they treated a patient there.
Appellant contends that because the State failed to prove that the signature on the prescription was a forgery, it did not make a prima facie case against him. We agree and reverse. In Rollins v. State, 211 So.2d 861 (Fla. 3d DCA 1968), the Court reversed a conviction of uttering a forged or false prescription where testimony established that there was a doctor with the name signed on the prescription licensed in the State although she was then a Connecticut resident. The Court noted there that since the physician was licensed, her signature should have been available from the Board of Medical Examiners and therefore proof of the authenticity or falsity of her signature should not have been difficult. Here it is clear that the State did not even prove that there was no doctor by the name of “A. Colbo” on the staff of the hospital, much less that there was no doctor by that name licensed in the State. The case is controlled by the general rule recently repeated by the Florida Supreme Court in McArthur v. State, 351 So.2d 972 (Fla.1977):
“Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.”
Reversed and remanded with directions that appellant be discharged.
McCORD, C. J., and BOYER and MELVIN, JJ., concur.