*697 REVISED OPINION
CARROLL, Judge.
On August 1, 1972, this court filed an opinion affirming an order of the trial court suppressing certain evidence in a prosecution relating to the appellees. Upon consideration of a petition for rehearing filed on behalf of the state this court’s decision of affirmance is adhered to, and this revised opinion is filed to replace the opinion of August 1, 1972, which is hereby withdrawn.
Appellees were informed against for conspiring to keep a gambling house, bookmaking and keeping a gambling house. Approximately nine months prior to the time they were arrested, orders for interception of communications on two telephones were entered by a judge of the criminal court of record of Dade County, on application made by an assistant state attorney of Dade County. See § 934.07 et seq., Fla.Stat., F.S.A. The period allowed therefor in the orders was limited to thirty days, or until completion of the authorized intercepts, if sooner accomplished. The .intercepts were conducted during the authorized period, and affidavits so stating were filed.
The statute, by § 934.09(7)(e), Fla.Stat., F.S.A., provides that within a reasonable time, but not later than ninety days “after the termination of the period of an order or extension thereof” for such an intercept, the court shall cause to be served on the persons involved or affected thereby an inventory showing the fact of entry and date of entry of an order on an application for intercept, the period authorized, the approval or disapproval of the application, and that during such period wire or oral communications were or were not intercepted. Provision is made therein for extension of that ninety-day limitation, as follows: “On an ex parte showing of good cause to a judge of competent jurisdiction, the serving of the inventory required by this paragraph may be postponed.” § 934.-09(7)(e) 3.
In this instance, after the authorized intercept had been made, the state attorney applied to the judge for an extension of the time for serving such inventory on the parties affected, stating as the ground or cause therefor, “that premature release of inventories would result in certain persons, as yet unidentified or for whom informa-tions have not been filed, fleeing the jurisdiction of this court, thereby hindering potential prosecution of those persons.” Acting thereon the judge granted an extension for an indefinite period, by ordering that “the serving of the inventories in the above captioned matters, as required by Section 934.09(7)(e), Florida Statutes [F. S.A.], be and the same is hereby postponed until further order of this Court.” By virtue thereof, the required service of inventory was not made until approximately eight months after the intercept.
Following their arrest, after such period, the defendants filed a motion to suppress the evidence resulting from the intercept. The trial court granted the motion, and the state appealed.
We hold that on the facts of this case the court ruled correctly. In so concluding we note that with reference to the periods for which an intercept may be authorized and extended, the statute imposes definite and reasonably short time limitations. By § 934.09(5) it is provided that no intercept order shall be for a period of more than thirty days, and that orders for extension thereof are required to “terminate upon attainment of the authorized objective or in any event in thirty days.”
Further, regarding the required service of inventory relating to an intercept application and order or orders thereon, the statute specifies such shall be served “within a reasonable time,” which is there shown to be not later than ninety days after the termination of the intercept period.
Although in authorizing an order postponing (for cause) the service of inventory the statute (§ 934.09(7) (e) 3) did not fix a time limit therefor (as it did for *698 an order extending the period for an intercept), in view of the express time limitations contained in the statute the permission to postpone service of the inventory-should be regarded as authorizing its extension only for a period for which good cause for such postponement is shown, and ■ not as constituting authority to extend the same for an indefinite or unlimited period.
Here the matter submitted as good cause for the extension did not show need for extension for any set period, and the ordered extension was used as a basis for delay of service of the inventory for more than ninety days following the lapse of the first ninety days after termination of the intercept.
Accordingly, we hold that the action of the trial court in suppressing such evidence, in the circumstances presented, did not constitute an abuse of discretion, and that the ruling of the trial judge thereon should be affirmed.
The order of the court suppressing the evidence was based on the additional ground that a valid application for an intercept order could not be made by an assistant state attorney under § 934.07 Fla. Stat., F.S.A. That ruling of the trial court was incorrect, this court having held to the contrary on that proposition in State v. Angel, Fla.App.1972, 261 So.2d 198.
For the reasons assigned the order appealed from is affirmed.