327 So.2d 251 (1976)
David SHIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 73-740.
District Court of Appeal of Florida, Fourth District.
February 27, 1976.
Raymond E. Ford, Ft. Pierce, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
PAUL M. MARKO, III, Associate Judge.
The defendant, David Shiver, testified that he and another co-defendant, (not a party to this appeal) borrowed his brother-in-law's truck with a trailer outfitted with a hoist, shotgun and shells and drove from Ft. Pierce to a remote area in Okeechobee County to shoot rabbit. As they were traveling north on Hi-Lo-Lo Road, a *252 red and white car also traveling north, sped past them and the defendant said he saw someone firing a gun wildly out the window of the other car. The defendant testified that to avoid further contact with the other car, he attempted to turn his truck around and got it stuck in a ditch on the side of the road. The defendant said that they did not fire their shotgun that day as they did not see a rabbit; they did admit to having been drinking.
The State proved that one quarter of a mile father down Hi-Lo-Lo Road, where the defendant said he had not traveled, a steer was shot and killed. The animal laid inside the pasture 50 to 75 feet from the fence along the road. The State's ballistic expert testified that the steer was shot with number 5 buckshot. A box of number 5 buckshot shells were in the defendant's truck at the time of arrest. The State expert further testified that spent number 5 shotgun shells, which were found at the base of the fence by the road next to the dead steer, were fired from the defendant's shotgun.
The defendant's tire tracks were also found on the soft shoulder of the road next to the dead animal.
The facts further reveal that the ranch manager, upon hearing gunshots, went to Hi-Lo-Lo Road where he found the defendant and his truck in a ditch. The rancher was told by the defendant about the red and white car. No other person saw the red and white car.
A witness did testify that he did not see the car even though he was traveling in the opposite direction to the defendant and stopped to assist the defendant in the ditch. There were no cross roads on Hi-Lo-Lo Road for many miles in the area in question.
The defendant voluntarily showed his gun to the rancher and the rancher testified about the strong smell of recent gun powder.
The rancher told the deputy about the defendant, the truck and the gun. When the deputy saw the defendant, the deputy asked to see the gun; the defendant said "certainly" and voluntarily handed it to the deputy.
The defendant raises several points on appeal worthy of consideration. First, defendant contends that the trial court erred in denying appellant's Motion to Suppress tangible evidence, to-wit: The shotgun and the shotgun shell found in the truck. The defendant avers that he was arrested without warrant and without probable cause. The evidence is uncontroverted and it clearly shows that the defendant voluntarily showed the shotgun freely to both the rancher and then the Deputy Sheriff; in addition, the shotgun and the box of shells were also in plain view.
We find there is no merit in defendant's argument as it is well established that the search of property without a warrant and without probable cause is completely proper when there is voluntary consent. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); see also United States v. Garcia, 496 F.2d 670 (5th Cir., 1974); Bailey v. State, 319 So.2d 22 (Fla. 1975); and James v. State, (Fla.App. 1969), 223 So.2d 52.
Moreover, it is also well settled that contraband seized in plain view is not a search and the evidence obtained is clearly admissible. State v. Clarke, 242 So.2d 791 (4 DCA Fla.App. 1970); Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).
The defendant further contends that there was insufficient evidence to support a verdict and judgment that defendant wilfully and maliciously killed a steer by shooting it with a shotgun as charged and further, that the State failed to prove that *253 the defendant had a conscious intent that a criminal act should be done.
The defendant argues that nobody saw the shot fired at the steer and it could not be proved that the shot taken from the dead steer came from the spent shell found at the base of the fence.
This is a case of circumstantial evidence pointing to a conclusion that there was clear, convincing and sufficient evidence. The jury obviously believed the State's witnesses over the contradictory testimony of the defendant or his co-defendant. When the jury is offered conflicting evidence, it is for them to weigh and this court will not overrule the jury if there is sufficient competent evidence as there was in this case. Williams v. State, (Fla.App. 4th 1970) 239 So.2d 127.
The court is also aware of the cases that require that circumstantial evidence must be consistent with guilt and inconsistent with innocence and that if there is another reasonable hypothesis, then the evidence is insufficient. The jury, to reach a decision of guilty, had sufficient evidence to reason that the only reasonable hypothesis is guilt and the other hypothesis of innocence is unreasonable. McGough v. State, 293 So.2d 147. (Fla.App. 2nd 1974).
We find, therefore, that the jury had more than sufficient evidence to find the defendant had the requisite, wilful, malicious and conscious intent.
The question as to whether there was sufficient evidence to sustain a verdict that the defendant aided and abetted this co-defendant cannot be raised at this time as it was not presented to the trial court and therefore, this objection was not preserved.
Affirmed.
CROSS and MAGER, JJ., concur.