PER CURIAM.
The appellant was found guilty after non-jury trial of aiding or assisting in conducting a lottery, in violation of Section 849.09(l)(d), Florida Statutes (1975). This appeal is from the judgment and sentence upon that conviction. Three points are presented; the first urges that the court erred in denying defendant’s motion to exclude the contents of intercepted telephone conversations. The evidence was procured pursuant to a telephone intercept order entered in accordance with Section 934, Florida Statutes (1975). It is specifically urged that the “inventory” provided in the statute was not served within the ninety day period provided for by Section 934.09(7)(e), Florida Statutes (1975). This statute is, in part, as follows:
“Within a reasonable time but not later than ninety days after the termination of the period of an order or extension thereof, the issuing or denying judge shall cause to be served on the persons named in the order or the application, and such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice, an inventory . . .”
The record reveals that the inventory was served immediately after the determination by the investigating officers that the defendant’s voice appeared in the conversations. It was, therefore, proper under the portion of the statute above quoted, which provides for the service of the “inventory” upon such other parties to the intercepted communications as the judge may determine in his discretion to be in the interests of justice.
Appellant’s second and third points fail to present error on this record and need not be discussed further.
Affirmed.