BOOTH, Judge.
This cause is before the Court on appeal from the judgment of the Circuit Court, Duval County, entered on a jury verdict finding Defendant guilty of conspiracy to commit a felony, to wit: sale or delivery of heroin, and sentencing her to five years imprisonment and a five thousand dollar ($5,000) fine.
Appellant contends that evidence against her obtained through telephone interceptions was improperly admitted because service of post-interception inventory was made more than 90 days after interception ceased. Specifically, Appellant complains of two 60-day extensions of time for service of post-interception inventory granted by the court on motion of Appellee under Florida Statute § 934.09(7)(e).[1] The grounds stated in Appellee’s motions for these extensions were that electronic surveillance pursuant to the court’s order was continuing in one of four related cases against the co-conspirators; that an application for further interceptions was pending, and that service of an inventory in the instant case would prejudice the surveillance being conducted on those involved in the possession, delivery, manufacture and sale of controlled substances, who would be alerted to the fact of electronic surveillance on one Eddie Lee Rosemond.
Rosemond, an alleged wholesale trafficker in illegal drugs, was the boyfriend of Appellant Hicks. The telephone specified in the court-authorized interception was listed in the name of Appellant Hicks, but located in the home of Rosemond. More than 400 separate communications relating to the drug ring’s illegal operations were intercepted during the electronic surveillance of the particular telephone in question.[2]
Appellant contends that lack of strict compliance with post-interception procedures requires suppression of evidence which was otherwise obtained in full compliance with the act. No reported authority supports that contention. Under Florida Statute § 934.09 the trial court’s discretion is properly exercised as to post-interception *477 procedures, including extension of time for serving inventory.[3] In the absence of an affirmative showing of prejudice, subsection (8) of § 934.09 provides that even the minimum furnishing of copies of the court order and application for wiretap to a party ten days before the trial or hearing can be waived where it is not possible for the State to furnish such information.
Here the inventory was served on May 4, following service of the indictment against Appellant the preceding day. Hearing on motion to suppress was held July 10 and the trial was November 8, 1976. Appellant makes no claim of prejudice in the preparation of her defense, or otherwise, by the postponement of service of inventory.
In In Re Grand Jury Investigation Concerning Evidence Obtained by Court Authorized Wiretaps, 276 So.2d 234 (1st DCA 1973), this Court noted that the Florida Security of Communications Act, Florida Statute Chapter 934, “is in all substantial respects identical in its language to the Omnibus Crime Control and Safe Streets Act of 1968 adopted by the Congress of the United States”, and that decisions of the federal courts are pertinent “for the legislative history of the federal statute of which ours is a counterpart.”
In U. S. v. Donovan, 429 U.S. 413, 97 S.Ct. 658, 50 L.Ed.2d 652, the Supreme Court considered the purpose for the federal counterpart of Florida Statute § 934.09(7)(e)[4] and held that failure to serve notice on all parties whose communications were intercepted did not invalidate the interceptions, stating:
“The legislative history indicates that postintercept notice was designed instead to assure the community that the wiretap technique is reasonably employed. But even recognizing that Congress placed considerable emphasis on that aspect of the overall statutory scheme, we do not think that postintercept notice was intended to serve as an independent restraint on resort to the wiretap procedure.” (e. s.)
In U. S. v. Bohn, 508 F.2d 1145 (CA 8th 1975), cert. denied 421 U.S. 947, 95 S.Ct. 1676, 44 L.Ed.2d 100 (1975) the court held:
“[AJbsent a clear showing of prejudice, a failure to comply with the notice and inventory requirements of 18 U.S.C. § 2518(8)(d) does not require suppression of the wiretap evidence . . .”
In U. S. v. Lawson, 545 F.2d 557 (CA 7th 1975), Defendants did not receive notice and inventory for over two years after termination of the authorized interception period, and the court held:
“. .we believe that suppression is not required inasmuch as defendants received the inventory three months prior to the hearing on defendants’ motion to suppress and furthermore appellants have not alleged any prejudice resulting from this noncompliance.”
In U. S. v. Iannelli, 417 F.2d 999 (CA 3d 1973), aff’d 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975) the court held that defendants who were allegedly not served with an inventory were not prejudiced where they eventually received actual notice well in advance of the hearing on the motion to suppress.
In U. S. v. Rizzo, 492 F.2d 443 (CA 2nd 1974), cert. denied 417 U.S. 944, 94 S.Ct. 3069, 41 L.Ed.2d 665 (1974), the court affirmed the admission of wiretap evidence where actual prejudice was not claimed to have resulted from delayed service of inventory, stating:
“We believe that the touchstone to the determination whether to suppress wiretap evidence on a claim of failure of notice should be prejudice to the defendant . ”
Further, we note that the grounds stated by the State in its motions for extensions of *478 time constitute “good cause” under § 934.09(7)(e). As stated in U. S. v. Curreri, 363 F.Supp. 430, 436 (DC Md.1973):
“It would be ridiculous to notify certain defendants of a wiretap when successive wiretaps were continuing in the investigation they were a part of. Thus, the court can readily perceive good cause would exist to delay the filing of an inventory until all the wiretaps were finally terminated, so that all inventories could be served at the same time. And even if the 90-day period were not met exactly, the remedy would not necessarily be suppression. The notice requirements of Title III are designed to prevent the secret search. When notice is in fact, albeit tardily, given of a previously clandestine search, Title Ill’s intent has been satisfied and absent a showing of unreasonable or prejudicial delay, suppression is not required.”
To like effect is the case of U. S. v. John, 508 F.2d 1134 (CA 8th 1975).
We hold that the trial court in the instant case properly granted extensions of time for serving the inventories based on good cause shown and did not abuse its discretion in denying the motion to suppress for delay in service of the post-interception inventory. Other matters raised by appellant have been considered and found to be without merit.
The judgment below is AFFIRMED.
SMITH, Acting C. J., and ERVIN, J., concur.

.Florida Statute § 934.09(7)(e): “Within a reasonable time but not later than ninety days after the termination of the period of an order or extension thereof, the issuing or denying judge shall cause to be served on the persons named in the order or the application, and such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice, an inventory which shall include notice of:
1. The fact of the entry of the order or the application;
2. The date of the entry and the period of authorized, approved, or disapproved interception, or the denial of the application; and
3.The fact that during the period wire pr oral communications were or were not intercepted.
The judge, upon the filing of a motion, may make available to such person or his counsel for inspection such portions of the intercepted communications, applications, and orders as the judge determines to be in the interest of justice. On an ex parte showing of good cause to a judge of competent jurisdiction, the serving of the inventory required by this paragraph may be postponed.”

. See Epps v. State, 354 So.2d 441 (1st DCA 1978) affirming a conviction of one count of conspiracy in a related case.

. State v. Berjah, 266 So.2d 696 (3d DCA 1972). The trial court granted an extension for the service of inventory which was unlimited as to time, and subsequently, in exercise of its discretion, suppressed the evidence. The district court affirmed, holding that the trial court’s suppression of the evidence did not constitute an abuse of discretion.

. 18 U.S.C. § 2518(8)(d).