SCHWARTZ, Judge.
The defendant-appellant was found guilty after a nolo plea to several charges which were ultimately based on two recorded telephone conversations of January 12 and 13, 1978, in which he engaged in illegal bookmaking. Since these conversations were recorded with the consent of the other party, one Alpert, and under police direction and supervision, there is no question that the “bugging” was entirely permissible under Section 934.03(2)(c), Florida Statutes (1977). Tollett v. State, 272 So.2d 490 (Fla.1973).[1] Shayne contends, however, that the contents of the January calls should have been suppressed pursuant to Section 934.06, Florida Statutes (1977) because they were “derived from” an illegally intercepted telephone call from the same informant which took place on September 26, 1977.[2] It is argued in this regard that the police would not have authorized the tap on Alpert’s phone, thus legalizing the recording of the January conversations, if they had not been aware of the “hard evidence” of Shayne’s bookmaking activities contained in the transcription of the September call. We completely disagree with this position.
Shayne was under intense police suspicion and scrutiny both before and after September, 1977 on grounds unrelated to the improperly recorded call. In addition, the officers in question were otherwise fully aware of Alpert’s avowed continuing ability to engage the defendant in a bookmaking conversation at any time. Therefore, it is highly doubtful that there was even a “but for” relationship between the September and the January recordings. Assuming, however, that this was in fact the case, it is not enough to permit Shayne to prevail. State v. Maier, 378 So.2d 1288 (Fla. 3d DCA 1979) and cases cited. It is obvious that the evidence of the January conversations, recorded as they were in a perfectly lawful and authorized manner which would be sustained if the September call had never occurred, was obtained, in the words of Wong Sun,[3] by means “sufficiently distinguishable [from the initial illegality] to be purged of the primary taint.” The fact that information which is preserved through unlawful means provides a subjective reason for motivating a lawful investigation is no basis for suppressing evidence which is thereafter properly secured. See Bush v. State, 369 So.2d 674 (Fla. 3d DCA 1979). This description of the present situation itself sufficiently demonstrates that the relationship between the pieces of evidence was so extremely “attenuated as to dissipate the taint” as a matter of law. Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 268, 84 L.Ed. 307, 312 (1939). It is, in other words, irrelevant that the officer smelled the blossom of the poisonous tree before he authorized the tap. See also United States v. Crews, - U.S. -, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).
Affirmed.

. The appellant raises no issue concerning the absence of an intercept warrant authorizing the recording. See Franco v. State, 376 So.2d 1168 (Fla. 3d DCA 1979).

. The September 26, 1977 conversation was suppressed (and the charge based upon it thereafter nol prossed) because no officer had expressly directed Alpert to record it. The state does not dispute the correctness of this ruling.

.Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441, 455 (1963).