389 So.2d 1197 (1980)
Harold Lee BOULER, Appellant,
v.
STATE of Florida, Appellee.
No. 79-869/T4-505.
District Court of Appeal of Florida, Fifth District.
October 16, 1980.
Rehearing Denied December 1, 1980.
*1198 James M. Campbell, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
As a result of information obtained by a wiretap, police and a K-9 drug dog waited at an airport until appellant and his companion, Margo Lacy, arrived. After appellant was in line to purchase a ticket and check his luggage the drug dog, examining persons in the line, reacted to the appellant's bag and to the appellant. Appellant was frisked and he and Margo taken to an office where, after appellant removed his coat, he was taken to another room for about twenty minutes. Upon appellant's return to the office, police officers took his coat from Margo's lap and found illegal drugs in the coat's inner pocket. Later the drug dog reacted to appellant's vehicle in the parking lot and based thereon a search warrant was obtained for the vehicle in which was found a suitcase containing contraband drugs.
Appellant contends (1) the wiretap order was illegal because the information upon which it was based was both illegally obtained and stale; (2) the evidence obtained by the wiretap was inadmissible in evidence because appellant did not receive notice of the wiretap within the ninety day period provided by section 934.09(7)(e), Florida Statutes (1977); (3) that the indications by the drug dog were not sufficient probable cause for either his arrest or for the issuance of a search warrant for his vehicle; and (4) that the evidence is legally insufficient to prove his actual or constructive possession of the contraband drugs in his coat pocket and in the suitcase in his vehicle.
Some of the more current information upon which the wiretap order was based was obtained by police listening in on a telephone conversation between appellant and a confidential informant with the latter's consent. This was not an illegal interception as one party consented. § 934.03(2)(c), Fla. Stat. (1977); Shayne v. State, 384 So.2d 711 (Fla. 3d DCA 1980); State v. Scott, 385 So.2d 1044 (Fla. 1st DCA 1980). In addition, the wiretap affidavit as a whole indicated a continuing pattern of criminal activity with sufficient currency as to be legally fresh and viable. Rodriguez v. State, 297 So.2d 15 (Fla. 1974); Hudson v. State, 368 So.2d 899 (Fla. 3d DCA 1979); State v. Manning, 379 So.2d 1307 (Fla. 4th DCA 1980).
Appellant has demonstrated no prejudice accruing to him by reason of the delayed service of notice of the wiretap required by section 934.09(7)(e), Florida Statutes (1977). Under these circumstances failure to meet the notice provisions of this statute have been held to not render the resulting evidence inadmissible. Hicks v. Florida, 359 So.2d 475 (Fla. 1st DCA 1978); Quintana v. State, 352 So.2d 587 (Fla. 3d DCA 1977).[1]
Two recent Florida cases, State v. Goodley, 381 So.2d 1180 (Fla. 3d DCA 1980) and Mata v. State, 380 So.2d 1157 (Fla. 3d DCA 1980), have recognized that a trained narcotics dog's indications that contraband is present can be sufficient alone to establish probable cause as to that fact.[2]
*1199 Appellant's contentions that the evidence is insufficient to prove his possession of contraband drugs in his coat and his vehicle are based on argument confined to the exact moment of time the drugs were found and observed by the police and his contention that this is a circumstantial evidence case in which the state is required by proof to exclude every "possible" hypothesis of innocence. Appellant suggests that a possible hypothesis of innocence is that someone put the contraband in his coat after he removed it and into his vehicle after he left it in the parking lot. The judge and jury were not limited to such a restricted view of the evidence presented. For example, the dog also reacted to appellant while he had his coat on and Margo, the only other person shown to have been in possession of appellant's coat, testified that she did not put anything into the coat. Also, the jury may have been impressed with evidence that appellant's vehicle was found locked and that the four-suiter Pegasus luggage therein containing contraband drugs was the same luggage purchased that very day by the appellant and that the key to his vehicle was found on the floor next to the appellant's left foot when he was apprehended in the ticket line at the airport. The total convincing force and effect of the evidence, as well as the reasonableness of the suggested hypotheses of innocence, is for the jury to weigh under proper instructions. The jury can accept or reject all or any part of the testimony of any witness. The wiretap order was valid, the evidence it produced was admissible, there was probable cause to justify both appellant's arrest and the issuance of the search warrant for his vehicle, and, there being ample competent, substantial evidence to legally support guilty verdicts, the trial court's denial of appellant's motion for acquittal was proper; therefore, the judgment of conviction is
AFFIRMED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] In construing the federal statute, 18 U.S.C. § 2518(8)(d), containing identical language to the Florida notice provision, federal courts have taken a similar view. U.S. v. Donovan, 429 U.S. 413, 97 S.Ct. 658, 50 L.Ed.2d 652 (1977); U.S. v. Fury, 554 F.2d 522 (2d Cir.1977), cert. denied 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977).
[2] Federal cases have reached a similar result. See U.S. v. Solis, 536 F.2d 880 (9th Cir.1976); U.S. v. Bronstein, 521 F.2d 459 (2d Cir.1975); and U.S. v. Fulero, 498 F.2d 748 (D.C. Cir.1974).