390 So.2d 405 (1980)
Debra TEAGUE, Appellant,
v.
STATE of Florida, Appellee.
No. 79-215.
District Court of Appeal of Florida, Fifth District.
November 5, 1980.
Rehearing Denied November 25, 1980.
*406 James K. Freeland, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Debra Teague, charged with second degree murder, was convicted of the lesser included offense of manslaughter. She appeals her judgment and sentence.
Two points have been raised on appeal: 1) whether the evidence was sufficient to sustain the verdict, and 2) whether it was improper for the state attorney over the objection of the defense to elicit from the defendant that she was engaged in prostitution in the hours prior to the shooting.
We find no harmful error and affirm.
While entering her room in the early hours of the morning, appellant, a resident of a motel, was surprised by the victim, Sam Hill, who forced his way into the room.
After a considerable period of argument, appellant left the room to call a cab for Sam and then returned. The cab driver said he left when he saw her with a gun. Appellant claims Sam was beating her and to get him to stop she fired a shot into the mirror. Finally, after more argument and repeated violence, she shot and killed Sam.
Appellant contends that her claim of self-defense or justification stands uncontradicted and thus, as a matter of law, the conviction must be overturned. However, there is evidence in the record to contradict her version. The state introduced evidence to show that her injuries were not substantial. The bruises or swellings, limited to a cut on the lower surface of her lip, required no medical attention. She was able to leave the room and call a cab but she did not call for help nor did she call the police. She claims that she got the pistol after the cab driver left; the cab driver said he saw her with it behind her back. This evidence contradicts appellant's testimony that she was repeatedly assaulted and feared for her life.
A defendant who relies on self-defense has the burden of producing or going forward with the evidence. Robbins v. State, 312 So.2d 243 (Fla.2d DCA 1975); Bolin v. State, 297 So.2d 317 (Fla.3d DCA 1974). To justify a homicide on the grounds of self-defense, the situation must be such as to induce a reasonably prudent person to believe that danger was imminent and that there was a real necessity for the taking of a life. Darty v. State, 161 So.2d 864 (Fla.2d DCA 1964). Even though the defendant is the only eyewitness to the shooting, the jury is not required to accept her testimony as the absolute truth; a defendant's testimony can be accepted or rejected in whole or in part depending on the evaluation by *407 the jury of its credibility in light of the attending circumstances established by other evidence. Id. at 872. It is the duty of the jury to weigh conflicting evidence adduced at trial; the appellate court should not overrule the jury if there is competent, substantial evidence to support the verdict. Shiver v. State, 327 So.2d 251 (Fla. 4th DCA 1976).
As to the second point, appellant contends that the court should not have permitted the state to inquire into her being a prostitute over her objection. We do not think this was harmful error because appellant had earlier testified without objection that the first time she had met Sam he paid her $30.00 for her company for a part of the evening.
AFFIRMED.
COBB and SHARP, JJ., concur.