392 So.2d 337 (1981)
Raymond KNIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1896.
District Court of Appeal of Florida, Third District.
January 13, 1981.
*338 Bennett H. Brummer, Public Defender and Charles I. Poole, Special Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Anthony Musto, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY, J., and PEARSON, TILLMAN (Ret.), Associate Judge.
HENDRY, Judge.
Appellant, defendant below, was convicted of manslaughter after a jury trial upon an information charging him with second degree murder. At the close of all the evidence, a motion was made for judgment of acquittal[1] and denied by the trial court. Appeal is taken from the conviction. We affirm.
At trial, appellant admitted shooting the victim, a cab driver, but alleged that he shot the victim in self-defense following a struggle in the latter's cab. He testified that he carried a pistol for protection because he felt that his life was in danger as a result of an unpaid drug debt. He also claimed that the victim took a wrapped object out of the glove compartment which proved to be a gun and radioed someone to meet him at a location other than where the appellant sought to go. Neither appellant's gun nor the gun of the victim was introduced into evidence. Appellant also admitted that the victim never threatened him or made a menacing gesture toward him. The state offered testimony of a witness who observed the struggle, but not the actual shooting. Evidence of appellant's flight from the scene following the shooting was also introduced by the state to rebut the appellant's claim of self-defense.
It is appellant's contention on this appeal that the court's denial of his motion for judgment of acquittal constituted reversible error. He argues that his uncontradicted testimony of the events surrounding the death established a reasonable hypothesis of innocence; thus, as a matter of law, his version of the incident cannot be disregarded and the conviction must be overturned. We disagree.
The proper test on appeal of a denial of a motion for judgment of acquittal is whether the jury as the trier of fact might reasonably conclude that the evidence excluded every reasonable hypothesis but that of guilt. Rodriquez v. State, 379 So.2d 657 (Fla. 3d DCA 1980); Zuberi v. State, 343 So.2d 664 (Fla. 3d DCA 1977). All facts introduced into evidence are admitted by the defendant, and the court must draw every conclusion favorable to the state. Codie v. State, 313 So.2d 754 (Fla. 1975); Rodriquez v. State, supra; Matrascia *339 v. State, 349 So.2d 735 (Fla. 3d DCA 1977), cert. denied 360 So.2d 1249 (Fla. 1978). The motion should not be granted unless there is no legally sufficient evidence on which to base a verdict of guilt. Downer v. State, 375 So.2d 840 (Fla. 1979); Everett v. State, 339 So.2d 704 (Fla. 3d DCA 1976).
Relying on the standard enunciated above, we find the evidence legally sufficient to support the trial court's denial of the motion for judgment of acquittal. The state presented a prima facie case of second degree murder against appellant, thereby shifting to him the burden to come forward with evidence bearing on his claim of self-defense. Teague v. State, 390 So.2d 405 (Fla. 5th DCA 1980); Bolin v. State, 297 So.2d 317 (Fla. 3d DCA), cert. denied 304 So.2d 452 (Fla. 1974). In this regard, appellant failed to meet his burden: the only evidence of self-defense put forth by appellant was his own testimony that he was afraid that a "contract had been put out" on his life because of a drug debt he owed. He did not demonstrate that he faced impending danger which required the taking of a life, Teague v. State, supra; Bristow v. State, 338 So.2d 553 (Fla. 3d DCA 1976), nor did he show that he did all that he reasonably could to avoid the killing, State v. Coles, 91 So.2d 200 (Fla. 1956), to the point of retreating where necessary, Harris v. State, 104 So.2d 739 (Fla. 2d DCA 1958). Appellant himself admitted that the victim never threatened him in any manner and that he could have run away while the victim was unwrapping the object taken from the glove compartment. The law abhors any theory of self-defense which would submit human life to
the mercy or the cowardice or capricious impulse of one whose easily awakened fear prompts him, who is armed with a deadly weapon, to strike and upon what at best may be called a hostile demonstration on his victim's part.
Collins v. State, 88 Fla. 578, 102 So. 880, 881 (Fla. 1925); Darty v. State, 161 So.2d 864, 873 (Fla. 2d DCA), cert. denied 168 So.2d 147 (Fla. 1964).
Once the state demonstrated a prima facie case of murder, the issue of self-defense was properly presented to the jury for resolution. Bristow v. State, supra. Moreover, the jury is not required to accept the testimony of a defendant even when he is the sole eyewitness to the shooting, Darty v. State, supra; rather, the jury's function is to determine the credibility of the witnesses and weigh the evidence. Appellant's testimony is subject to the same standard as that of any other witness: the jury is free to believe or disbelieve it in whole or in part. Teague v. State, supra. Where the jury has weighed conflicting evidence, this court will not overrule a verdict if there is competent, substantial evidence to support it. Shiver v. State, 327 So.2d 251 (Fla. 4th DCA 1976).
Careful consideration of the record, briefs, and arguments of counsel in the light of the controlling principles of law leads us to the conclusion that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment and sentence appealed from is affirmed.
Affirmed.
PEARSON, TILLMAN (Ret.), Associate Judge, concurs in the decision to affirm only.
NOTES
[1] Fla.R.Crim.P. 3.380(a).