## JOSEPH v. STATE OF FLORIDA
### No. 81-269 AC
Eleventh Judicial Circuit, Dade County, Appellate Division
June 25, 1982

Maurice Gelb, for appellant.

Jim Smith, Attorney General, Diane Leeds, Asst. Attorney General, for appellee.

Before GOLDMAN, SCOTT, J.J., Concurring

KOGAN, J. Dissenting

PER CURIAM

Appellant was convicted of operating a dance hall where minors patronize or visit in violation of Section 562.48 Florida Statutes.

We affirm.

Appellant, Frederick Neal Joseph, was the owner and operator of an establishment known as "My Place Lounge", where admittedly alcoholic beverages were sold on the premises. On May 16, 1981, several minors unaccompanied by their parents or guardians, were admitted to Defendant's premises. Appellant was at the tine on the premises and did personally

collect an admission fee from at least one minor.[1] The testimony during trial referred to the "My Place Lounge" as a dance hall without objection.[2]

Appellant has appealed his conviction of violating Section 562.48 Florida Statutes.[3] Appellant claims that the trial court erred in denying his Motion to Dismiss, made at the close of the State's case on grounds that the State "failed to prove a prima facie case". We construe such motion, which was renewed at the close of all the evidence, to be one for judgment of acquittal. Such a motion should not be granted unless there is no legally sufficient evidence on which to base a verdict of guilty. *Knight v. State,* 392 So.2d 337 (Fla. 3rd DCA 1981). It has been held that appellate review of criminal convictions should be limited to a determination of whether there is substantial, competent evidence to support the verdict and judgment; evidence previously submitted to a jury or other trier of fact should not be reweighed. *Tibbs v. State,* 397 So.2d 1120 (Fla. 1981); Cert. granted 70 L.Ed.2d 378 (1981); *Rodriguez v. State,* Case No. 81-767 (Fla. 3rd DCA, May 25, 1982). It is axiomatic

---

[1]It is suggested that * failed to exercise due diligence to ascertain the age of those persons entering "My Place Lounge". Failure to know what could have been known in the exercise of due diligence amounts to knowledge in the eyes of the law. *Sapp v. Warner,* 141 So. 124 (1932).

[2]Testimony of Florida Beverage Commission Agent Luis Terminello was as follows:

> Q:  Did you see anyone at the entrance way to the dance hall, officer?
>
> A:  Yes, I did.
>
> Q:  Whom did you see at the entrance way?
>
> A:  Mr. Fred Joseph, the Licensee of record, was at the premises . . .
>
> Q:  Do you have any personal knowledge as to who is the operator of the dance hall?
>
> A:  Yes Sir.
>
> Q:  Can you tell us who it is? . . .
>
> A:  The operator was Mr. Fred Joseph.

[3]Section 562.48 Florida Statutes reads as follows: "Any person operating any dance hall in connection with the operation of any place of business where any alcoholic beverage is sold who shall knowingly permit or allow any person under the age of 18 years to patronize, visit or loiter in any such dance hall or place of business, unless such a minor is attended by one or both of his parents . . . shall be guilty of a misdemeanor of the second degree . . .

that the admission of evidence will not be reviewed where there is no objection made below to its admission. *Marks v. Del Castillo,* 386 So.2d 1259 (Fla. 3rd DCA 1980).

Appellant's main thrust on appeal is that the State failed to prove that his premises were in fact a "dance hall". This contention lacks merit. Appellant possessed a Dade County Occupational License listing the type of business as a restaurant plus dancing and entertainment. This license, presumably, was necessitated under Section 8A-197 of the Dade County Code which states: DANCE HALL, VARIETY EXHIBITION, ETC. (1) Every person who operates any place for profit where dancing is permitted or where entertainment is provided for a charge . . . shall pay a license tax of Two Hundred Twenty Five ($225.00) Dollars.

Agent Terminello, without objection, referred to the premises as "dance hall" during direct examination. In addition, during closing argument, defense counsel conceded the following: "This is not a situation of serving alcoholic beverages to minors. This is a situation of minors who are present in a place that had a dance hall license."

The State has clearly established a prima facie case that "My Place Lounge" was dance hall as that term is defined in its plain and ordinary sense.[4]

The evidence establishes that Section 562.48 Florida Statutes has been hereby violated. That Statute proscribes a minor from visiting or patronizing "any . . . . dance hall or place of business (where any alcoholic beverage is sold). (Emphasis added). It is clear that My Place Lounge was a place of business where alcoholic beverages were sold and that minors did patronize that establishment on the date charged.

We find Appellant's remaining contentions to be without merit. Accordingly, the judgment entered herein is Affirmed.

---

[4]Section 21-30.1(a) Dade County Code defines dance hall to include "any room, place or space, in which a public dance shall be held". That same section defines "public dance" as "any dance to which admission may be had by the payment of a fee".