SHARP, Judge.
Nagy argues his conviction for second degree murder should be reversed because the record establishes the defense of self-defense as a matter of law. Although we have so ruled upon occasion, Brown v. State, 454 So.2d 596 (Fla. 5th DCA 1984), in this situation where there are facts in dispute, some which support the jury’s adverse determination, we must affirm. McCauley v. State, 405 So.2d 1350 (Fla. 5th DCA 1981); Teague v. State, 390 So.2d 405 (Fla. 5th DCA 1980); Shiver v. State, 327 So.2d 251 (Fla. 4th DCA 1976).
In this case, there was evidence incompatible with Nagy’s position that he was not the aggressor but acted in self-defense. They support the jury’s conclusion that after McLaughlin’s car stopped, Nagy approached McLaughlin before he exited it, and that Nagy fired at McLaughlin as he was still sitting or getting out of the driver’s seat. Further, McLaughlin’s car was not stopped on Nagy’s premises.[1] Thus, there is sufficient evidence to uphold the jury’s determination. Tibbs v. State, 397 So.2d 1120 (Fla.1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Vecta Contract v. Lynch, 444 So.2d 1093, 1094 (Fla. 4th DCA 1984).
Therefore, the judgment appealed is
AFFIRMED.
COWART, J., concurs.
FRANK D. UPCHURCH, Jr., J., dissents with opinion.

. However, we are in sympathy with the sentiments expressed by the dissenting opinion. Had we been on Nagy's jury, he would not have been convicted. But that is not our prerogative as appellate judges.