PER CURIAM.
Carpenter appeals from her conviction and sentence for second degree murder. She argues there was insufficient evidence adduced at trial to sustain the jury’s verdict, and that at best the evidence would only sustain her conviction for manslaughter. We affirm on the ground that the issues of self defense, and whether Carpenter acted with a “depraved mind”[1] when she shot the victim through the heart with a .22 caliber rifle were in this case questions for the jury. State v. Bryan, 287 So.2d 73 (Fla.1973), cert. denied, 417 U.S. 912, 94 S.Ct. 2611, 41 L.Ed.2d 216 (1974); Nagy v. State, 459 So.2d 1107 (Fla. 5th DCA 1984); McCauley v. State, 405 So.2d 1350 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 467 (Fla.1982); Mahone v. State, 222 So.2d 769 (Fla. 3rd DCA 1969).
AFFIRMED.
SHARP, J., and BOARDMAN, E.F., Associate Judge, concur.
DAUKSCH, J., dissents with opinion.

. Murder in the second degree is the killing of a human being by the perpetration of an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without a premeditated design to effect the death of any particular individual. § 782.-04(2), Fla.Stat. (1983). An act is imminently dangerous to another and evincing a depraved mind if it is an act which:
(1)a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and
(2) is done from ill will, hatred, spite or an evil intent, and
(3) is of such a nature that the act itself indicates an indifference to human life.
Marasa v. State, 394 So.2d 544 (Fla. 5th DCA), rev. denied, 402 So.2d 613 (Fla.1981); The Supreme Court Committee, Florida Standard Jury Instructions in Criminal Cases, Murder-Second Degree at p. 65 (1981 ed).