483 So.2d 496 (1986)
John PALMER, Appellant,
v.
STATE of Florida, Appellee.
Douglas BROWN, Appellant,
v.
STATE of Florida, Appellee.
Nos. BA-352, BA-180.
District Court of Appeal of Florida, First District.
April 10, 1986.
*497 Michael E. Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellants.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
SHIVERS, Judge.
We grant Appellant Palmer's motion for rehearing, vacate the prior opinion, and substitute the following:
This is a consolidated appeal of judgments rendered after appellants' pro se jury trial. We affirm as to Appellant Palmer and reverse as to Appellant Brown.
The two appellants/codefendants were charged by information with an October 1, 1983 burglary of the pharmacy at Union Correctional Institution (UCI) where both were inmates at the time. Although a public defender was originally appointed to represent the defendants, both requested they be allowed to represent themselves. After a thorough hearing on the matter, their requests were granted and the public defender was allowed to withdraw as counsel. A joint jury trial was conducted on July 2, 1984.
According to testimony presented at the trial, an inmate approached Correctional Officer Raines between 9:10 and 9:30 on the morning of the burglary and informed him that "two white dudes were breaking into the hospital." Correctional Officer Gemelli received information from the control room that a burglary was in process and, upon arriving at the scene, observed Appellant Palmer attempting to climb out of a service window located on the side of the pharmacy. Officer Gemelli searched Palmer and found a lock pick in his pants pocket. He then observed a cardboard box containing drugs in an area approximately seven feet from the service window. The prison pharmacist testified that the drugs found in the box were the same type of drugs determined to be missing from the pharmacy.
Correctional Officer Underhill testified that he was making his normal rounds in the area of the pharmacy between 9:00 and 10:00 o'clock on the morning of the burglary when he observed Appellant Brown, a white inmate, "coming from the direction of the pharmacy, going toward the hospital." He stated that Brown "acted real suspicious ... that's what made me stop him." When Brown failed to offer Officer Underhill either a pass or a satisfactory explanation as to why he was in an unauthorized area, he was taken into custody.
As the investigation of the crime scene led to the discovery of several human hairs, the court issued an order on May 8, 1984, allowing hair samples to be taken from Brown and Palmer. Investigator R.T. Lee testified at trial that when he attempted to obtain the samples on October 1, 1984, he discovered that both appellants had had their hair closely cropped. Lee stated he was unable to obtain any hair samples. He was also unable to obtain fingerprints due to the rough texture of the material surrounding the pharmacy service window.
Appellant Brown now challenges the trial court's denial of his motion for judgment of acquittal and argues that the circumstantial evidence presented by the State was insufficient to establish that he committed the crime of burglary. We agree. It is well established that circumstantial evidence, to be legally sufficient, must be both consistent with guilt and inconsistent with any reasonable hypothesis of innocence. Harrison v. State, 104 So.2d 391 (Fla. 1st DCA 1959); McArthur v. Nourse, 369 So.2d 578 (Fla. 1979). Further, on appeal the trial court's denial of a motion for judgment of acquittal, the "test" is "whether the jury as the trier of fact might reasonably conclude that the evidence excluded every reasonable hypothesis but that of guilt." Knight v. State, 392 So.2d 337 (Fla. 3d DCA 1981). Although the appellant's unauthorized and unexplained presence in the area of the pharmacy no *498 doubt raises suspicion, we do not believe it to be legally sufficient for a jury to infer that Brown "enter[ed] or remain[ed] in a structure or a conveyance with the intent to commit an offense therein." Section 810.02(1), Florida Statutes. See Owen v. State, 432 So.2d 579 (Fla. 2d DCA 1983) and the cases cited therein for the proposition that evidence that a suspect is present at the scene of a crime and flees after the crime's commission is insufficient to exclude a reasonable hypothesis of innocence.
The evidence regarding Brown's October 1984 haircut does nothing to bolster the State's case against Brown since it occurred almost five months after the order was issued and there is no evidence that Brown either knew of the court's order or cut his hair in response thereto. Since we reversed the denial of the motion for judgment of acquittal, we need not address Appellant Brown's second issue.
Next, Appellant Palmer argues that the trial court committed reversible error by failing to conduct an adequate hearing according to Richardson v. State, 246 So.2d 771 (Fla. 1971). We disagree and affirm as to Palmer.
During the jury trial, the State introduced into evidence both the box of drugs found at the crime scene as well as several photographs of the pharmacy area. Palmer objected to their introduction on the basis that the existence of the photographs and the drugs was not disclosed to him and that he had not been given the opportunity to inspect the items prior to trial. Palmer now argues (1) that the State's response to his public defender's written demand for discovery failed to disclose the existence of these items, and (2) that even assuming the State's response did indicate the existence of the items, the court erred in failing to respond to Palmer's pro se request to view the evidence (filed after the public defender's withdrawal as counsel).
We disagree with both arguments. First, the State's standard form response to demand for discovery, contained in the record on appeal, clearly states that all tangible objects "unless `NONE' initialed below, may be inspected, photographed, and tested during the regular and ordinary business hours at: Union Correctional Institution." Since "NONE" was not initialed and since the response authorized the public defender "or his designated representative" to conduct discovery of tangible objects, the response was obviously intended to serve as notice that the State had tangible objects in its possession. Although it is unfortunate that appellant apparently did not receive a copy of the State's response prior to trial, it appears to the court that the State complied with its discovery requirement and that the problem, if any, occurred because of the lack of communication between Palmer and the public defender's office.
Second, the pro se motion filed by Palmer on June 12, 1984 requested examination of various prison log books, but made no mention of photographs, boxes of drugs, or any other physical evidence. Thus, even assuming that the court did fail to respond to appellant's motion, such failure would have no bearing on the introduction of the photographs and the drugs into evidence.
Accordingly, we REVERSE the trial court's denial of motion for judgment of acquittal in Case No. BA-180 and AFFIRM the judgment in Case No. BA-352.
JOANOS and NIMMONS, JJ., concur.