COWART, Judge,
concurring in result with opinion.
After an encounter between the defendant, appellee Joann Rudolph, and an alleged victim, the victim died as a result of an abdominal stab wound caused by a knife. The State charged the defendant with manslaughter alleging that the defendant’s “own act, procurement, or culpable negligence, without lawful justification or excuse,” killed the victim by stabbing the victim with a sharp instrument. Immediately prior to trial the defendant filed a motion to dismiss the information under Florida Rule of Criminal Procedure 3.190(c)(4) arguing that the sworn depositions of the State’s witnesses were insufficient to show culpable negligence. The trial court heard the motion and considered the depositions of the witnesses and a sworn statement of the defendant, and although it found many controverted facts and expressed reluctance to take the fact finding from the jury, granted the defendant’s motion to dismiss because it was of the opinion that the State’s evidence did not meet the State’s high burden of proof in a criminal case.
Motions under Florida Rule of Criminal Procedure 3.190(c)(4) are no substitute for a trial. Nor are they the equivalent of a motion for summary judgment in a civil case under Florida Rule of Civil Procedure 1.510. The result of the State’s traverse or demurrer under Rule 3.190(d) in a criminal case is powerful and effective, whereas in a civil case, such a traverse, not being based on admissible evidence, would not even qualify as an opposing affidavit under Florida Rule of Civil Procedure 1.510(e). Where, as in this circumstantial evidence case, the facts and inferences therefrom, viewed in a light most favorable to the State, establish a prima facie case against the defendant,[1] the “(c)(4)” motion should *300 not be granted, because the credibility of witnesses is involved and inferences must be drawn from the facts accepted by the trier of fact, and the determination of the questions as to credibility of witnesses, the reasonableness and strength of inferences to be drawn from accepted facts, and the total convincing force and effect of the weight of evidence, including the reasonableness of asserted hypotheses of innocence,[2] are all questions of fact to be determined by a jury. See State v. Stewart, 404 So.2d 185 (Fla. 5th DCA 1981); State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. Cramer, 383 So.2d 254 (Fla. 2d DCA 1980), rev. denied., 388 So.2d 1111 (Fla.1980).
The order granting the defendant’s motion to dismiss[3] is properly reversed.

. When the State’s case does not include any direct evidence as to some essential element and includes no evidence from which any reasonable person (including those “among the selected twelve”) could draw a logical inference as to the existence of some essential element, then the trial court should grant a judgment of acquittal. This is a process of looking at the lack of evidence (quantity) as to a fact essential to the State’s case, not a matter of weighing the strength of the inferences flowing from circumstantial evidence which is a consideration of convincing power or quality. Part of the problem is semantics in stating the conceptual rule. The statements in this opinion are harmonious with State v. Law, 559 So.2d 187 (Fla.1989), which found the views, stated in different words, in Lynch v. State, 293 So.2d 44 (Fla. 1974) and Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), rev. denied, 503 So.2d 328 (Fla. 1987), to be harmonious. The greater problem is when courts, trial or appellate, give lip service to the words of a correct statement of the law *300 then proceed to weigh the reasonableness and strength of the inferences of either guilt or innocence, or both, that exist in the controverted, or even uncontroverted, facts of most any contested case. Guilt is always inconsistent with innocence; therefore, if the State’s circumstantial evidence is sufficient to establish a prima facie case of guilt (úe., some evidence as to each element of the offense and some evidence that the defendant was the perpetrator), and the inferences are strong enough to convince a group of disinterested, reasonable people experienced in the every day affairs of mankind (the jury chosen especially for this purpose) of the guilt of the accused beyond and to the exclusion of every reasonable doubt, then the State’s case necessarily includes evidence which is inconsistent with the defendant’s hypothesis (and evidence) of innocence. Further, hypothesis of innocence must be understood to mean not every possible purely hypothetical set of facts that can be imagined by a defense counsel (úe., a phantom (not seen by any witness) did it — not my client) but reasonable real-life possibilities based on facts in evidence and accepted as true by the trier of fact. All verdicts and other decisions in life based on evidence as to mutually exclusive alternatives (such as guilt or innocence) are matters of weighing all probabilities (more likely than not) against all possibilities (possibly but not likely) and then weighing the net preponderance of the probabilities against any applicable standard or burden of proof to reach a conclusion. Proof is always a matter of probabilities and probabilities are always a matter of degrees. See 1A Wigmore, Evidence § 37.4 (Tillers Rev.1983).

. See, State v. Law, 559 So.2d 187 (Fla. 1989); Cochran v. State, 547 So.2d 928 (Fla. 1989); Hei-ney v. State, 447 So.2d 210 (Fla. 1984), cert, denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); State v. Williams, 444 So.2d 13 (Fla. 1984); Williams v. State, 437 So.2d 133 (Fla. 1983), cert, denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984); Rose v. State, 425 So.2d 521 (Fla. 1982), cert, denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983); In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 595 (Fla.1981) citing with approval-Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed.150 (1954); Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff’d., 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Herman v. State, 472 So.2d 770 (Fla. 5th DCA 1985), rev. denied, 482 So.2d 348 (Fla. 1986); Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984); State v. Stewart, 404 So.2d 185 (Fla. 5th DCA 1981); Teague v. State, 390 So.2d 405 (Fla. 5th DCA 1980); Bouler v. State, 389 So.2d 1197 (Fla. 5th DCA 1980); Lowery v. State, 450 So.2d 587 (Fla. 1st DCA 1984); Knight v. State, 392 So.2d 337 (Fla. 3d DCA 1981), rev. denied, 399 So.2d 1143 (Fla.1981); Lynch v. State, 293 So.2d 44 (Fla. 1974). See also Thomas, B., The Proper Standard of Review of Circumstantial Criminal Convictions, 62 Florida Bar Journal 21 (June 1988); Hill, R., Circumstantial Evidence in Criminal Cases in Florida, 61 Florida Bar Journal 57 (May 1987).

. See State v. Saufley, 574 So.2d 1207 (Fla. 5th DCA 1991).