PER CURIAM.
Francisco S. Jimenez appeals his conviction of manslaughter. We affirm in part and reverse in part.
As to point I, the trial court acted within discretion in ruling that the toxicology report showing the level of the victim’s intoxication could not be brought into evidence without the establishment of a proper predicate showing the evidence to be relevant to an issue in the case. See Diaz v. State, 747 So.2d 1021, 1023-24 (Fla. 3d DCA 1999); E.B. v. State, 531 So.2d 1053, 1054 (Fla. 3d DCA 1988).
As to point II, the evidence was legally sufficient to overcome the defendant’s claim of self defense and the case was properly submitted to the jury. See Brown v. State, 454 So.2d 596, 598-99 (Fla. 5th DCA 1984); Knight v. State, 392 So.2d 337, 338-39 (Fla. 3d DCA 1981); Teague v. State, 390 So.2d 405, 406-07 (Fla. 5th DCA 1980); Stewart v. State, 266 So.2d 163 (Fla. 3d DCA 1972).
As to the final point on appeal, the State concedes that the defendant falls within the window period to challenge his sentence under the 1995 guidelines, which were invalidated in Heggs v. State, 759 So.2d 620 (Fla.2000). Accordingly the sentencing order is reversed and the case remanded for resentencing under the 1994 version of the sentencing guidelines.
Affirmed in part, reversed in part, and remanded for resentencing.