990 So.2d 1229 (2008)
Fred McLEAN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1D07-3455, 1D07-3080.
District Court of Appeal of Florida, First District.
September 23, 2008.
Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Shelly A.R. Chichester, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, J.
The appellant in this direct criminal appeal challenges his conviction for burglary of a dwelling and the revocation of his probation based upon new law violations. Because there was no direct evidence in this case that the appellant committed the burglary, and because the circumstantial evidence presented merely proved that the appellant's van was at the victim's house on the day of the burglary, the trial court erred in denying the appellant's motion for judgment of acquittal. Although the appellant's van's presence in the victim's yard on the day of the burglary is suspicious, it is insufficient to exclude a reasonable hypothesis of innocence. See Palmer v. State, 483 So.2d 496 (Fla. 1st DCA 1986). And the revocation of probation, which was based upon five alleged new law violations, including the burglary charge, was improper because the appellant was denied his due process right to a hearing on the alleged violations before his probation was revoked. See, e.g., Bernhardt v. State, 288 So.2d 490 (Fla.1974). Although the state presented evidence on the burglary charge at trial, the trial of a criminal case should not be construed as a probation revocation hearing absent a defendant's stipulation or consent, neither of which is present in this case. See State v. Spratling, 336 So.2d 361 (Fla.1976). Accordingly, the appellant's *1230 conviction for burglary of a dwelling, the revocation order, and the resulting judgment and sentences are reversed.
DAVIS and BENTON, JJ., concur.