JIM HOLTON *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed January 29, 1924.

This case was decided by Division A.

Where, in a prosecution for murder in the first degree, the defendant takes the stand as a witness and gives an account of the killing in which he admits giving the fatal wound to the deceased, but states it to have been under circumstances which, if true, would have justified the act, or, upon the most unfavorable view, made a case of manslaughter only, and there was no fact or circumstance in evidence nor testimony of witness to contradict the defendant's account of the transaction, a verdict of murder in the second degree will not be sustained.

A Writ of Error to the Circuit Court for Madison County, M. F. Horne, Judge.

Judgment reversed.

*R. H. Rowe,* for plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. Mc-Intosh,* Assistant Attorney General, for the State.

ELLIS, J.—The plaintiff in error was convicted of murder in the second degree upon an indictment charging him with the murder of John Slaughter in Madison County on September 21, 1921.

A motion for a new trial was denied and the defendant was sentenced to twenty-five years imprisonment in the State prison at hard labor. He seeks on writ of error to reverse the judgment.

The first proposition is that the verdict is contrary to the evidence. The body of Slaughter was found lying on the side of a road about fifty yards east of the defendant's house. There was a wound in the head of the dead man sufficient to produce instant death. A pistol was lying by his side under his right hand. The pistol was a revolver of six chambers, two of which were loaded; one contained an empty shell and three were empty. In the field nearby the dead man's mule, saddled and bridled, was grazing. The road was a dim one and crossed the field which was under fence enclosing the defendant's house. The wound in the man's head ranged upwards, destroying the submaxillary bone and shattering portions of the brain.

The defendant was a "cropper" on the land where the body of Slaughter was found. The land had been rented by Dr. Kinsey who had placed the defendant on it to make a "crop." In July 1921 Dr. Kinsey told the defendant of a threat which Slaughter had made to kill him. Slaughter requested Dr. Kinsey to tell the defendant what the former

said. The defendant in his testimony said that he shot the deceased who had come to the defendant's house that morning, waited for him to return from hunting, charged him with stealing a whiskey "still" and shot at him with a pistol. The defendant said he shot the deceased in self-defense.

There was much evidence as to where the body was lying with reference to the road, the location of the wound, the position of the body, and certain articles that were found near. One was a small cloth which was lying across the body near the waist line. The fact that certain witnesses, living near, heard only one shot, although the defendant said there were three.

We have considered the evidence in this case closely and while we are mindful of the rule that there is substantial evidence to support the verdict it will not be disturbed, however strong the evidence for the defense may seem to appear, we cannot say that there exists in this case any fact or circumstance which can be said to refute the statement of the defendant as to the details of the affair.

It is urged that the fact of the finding of the cloth on the body of the deceased and the fact of the wound in the back of the head tend to show that the accused was attacked from behind and after he fell the cloth which he used as a wrap for his pistol was taken from the pistol, the body turned over and the cloth placed upon it; but all this is mere conjecture. The defenndant's explanation was that the deceased, who was walking by the side of his mule, began the dispute, accused the defendant of stealing a whiskey still, called him a liar when he denied it and fired at him with the pistol; that the defendant replied with a shot from his shotgun, the mule whirled, jerking the deceased half around, and defendant reloaded his gun and fired again. If that was a true account of the transaction

we do not agree with the conclusion of the jury that it was murder in the second degree.

We think the evidence, as a whole, fails to support the verdict. See Small v. State, 20 Fla. 780.

The circumstances relied upon by the State to contradict the defendant's story are not so conclusive of the falsity of that story as to have warranted the conviction. If they had been sufficient to overcome the defendant's story and refute it in detail it would have left the defendant with nothing to stand on but a practical confession of murder in the first degree; but the jury evidently was not satisfied with the sufficiency of the evidence offered by the State to justify a verdict of murder in the first degree.

The judgment should be reversed and a new trial granted.

It is so ordered.

TAYLOR, C. J., and BROWNE, J., concur.

WHITFIELD, P. J., and WEST and TERRELL, JJ., concur in the opinion.