ANNIE BELLAMY, ANNIE IRENE BELLAMY and DAVIS BELLAMY, *Plaintiffs in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed December 20, 1928.

Division A.

*DeCottes & Spencer* for Plaintiffs in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, C. J.—The plaintiffs in error were jointly indicted for the murder of Albert Gardner in Seminole County on the 26th of June, 1927. Annie Bellamy was found guilty of murder in the second degree as principal of the first degree and the other two were found guilty of the same degree of murder but as principals of the second degree.

They obtained a writ of error and seek a reversal of the judgment, *first* because of an error of the clerk in failing to place the name of one of the veniremen, who had been previously examined and found qualified to serve as a juror, upon a slip of paper and deposit it with slips containing the names of others in a hat from which eighteen names of persons were drawn to serve as grand jurors.

That method of selecting a grand jury is prescribed by statute. See Sec. 2777 Rev. Gen. Stats. 1920.

Twenty-seven of the original list of thirty-six persons were qualified to serve. Their names should all have been placed in a box or hat from which the names of eighteen were to have been drawn to serve as a grand jury. The name of one was omitted through error, so that twenty-six names went into the box or hat instead of twenty-seven. So the plaintiffs in error say that the indictment which was found against them by the grand jury drawn and selected in that manner was bad, illegal and constituted no valid accusation against them.

*Second,* that the evidence was insufficient to support the verdict. The evidence in this case was entirely circumstantial. There were no eye witnesses to the killing of Gardner, who was shot by some person or persons who used a shot gun.

The rule as to the sufficiency of circumstantial evidence for conviction of crime has been stated several times by this Court. In an opinion by Mr. Justice TERRELL in the case of Hall v. State, 90 Fla. 719, 107 So. R. 246, the rule was stated as follows: "the circumstances when taken together must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense charged. It is not sufficient that the facts create a strong probability of and be consistent with guilt. They must be inconsistent with innocence." See also Pate v. State, 72 Fla. 97, 72 So. R. 517; Cannon v. State, 91 Fla. 214, 107 So. R. 360.

A discussion of the facts would be of no benefit.

We are of the opinion that the evidence did not measure up to the rule in such cases and was not sufficient in law to sustain the verdict, so the judgment is reversed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL, J., concur in the opinion and judgment.

BUFORD, J., dissents.