JOHN METRIE, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed. January 3, 1930.

*Chas. S. Loden, R. B. Schallern* and *Geo. B. Davis,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, for Defendant in Error.

BUFORD, J.—In this case defendant in the court below, plaintiff in error here, was indicted charged with murder in the first degree. He was convicted of murder in the second degree.

The altercation out of which this prosecution grew appears to have been the result of the deceased having alienated the affections of the wife of the accused from the accused. The difficulty started and ended on the public streets of the city of Miami, but the record discloses no witnesses to the beginning of the difficulty or to the infliction of the fatal wounds, except the accused and the deceased.

There is no conflict in the testimony and the version of the beginning of the difficulty and the infliction of the wounds resulting in the death of the deceased as told by the accused as a witness in his own behalf is uncontradicted, and was the only evidence before the jury as to these facts. In Holton v. State, 87 Fla. 65, 99 So. R. 244, this Court, speaking through Mr. Justice ELLIS, say:

"Where, in a prosecution for murder in the first degree, the defendant takes the stand as a witness and gives an account of the killing, in which he admits giving the fatal wound to the deceased, but states it to have been under circumstances which, if true, would have justified the act, or, upon the most unfavorable view, made a case of manslaughter only, and there was no fact or circumstance in evidence nor testimony of witness to contradict the defendant's account of the transaction, a verdict of murder in the second degree will not be sustained."

On authority of the opinion in the case above cited, we think the judgment in this case should be reversed for a new trial and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.