JAMES KELLY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed February 25, 1930.

*Philip D. Beall* and *J. McHenry Jones*, for Plaintiff in Error;

*Fred H. Davis, Attorney General*, and *H. E. Carter*, Assistant, for Defendant in Error.

BUFORD, J.—In this case the plaintiff in error was indicted and prosecuted for murder in the first degree and was convicted of murder in the second degree. The deceased was the wife of the accused.

There was no eye-witness to the occurrence except the accused. He took the stand in his own behalf and testified to a state of facts which showed the death to be the result of an unfortunate accident in that the pistol was accidentally discharged by striking some part of the bed when the accused was removing the pistol from beneath his pillow on getting up from his bed in the morning. That the pistol so discharged inflicted the wound in the head of the deceased who was still lying in the same bed. There was no substantial evidence that in any way contradicted the testimony of the accused. There was no motive shown for the commission of an unlawful homicide. There was no testimony from which the deduction might be drawn that there was any cause or reason for the accused to have intentionally killed his wife. The rule enunciated by this Court in the case of Holton v. State, 87 Fla. 65, 99 So. R. 244, and in Metrie v. State, opinion filed January 3, 1930, reported in 125 So. R. 352, may be applied to the instant case by saying: Where in a prosecution for murder in the first degree the defendant takes the stand as a witness and gives an account of the killing which shows the same to have been the result entirely of an unforeseen accident and which facts as stated, if true, would constitute excusable homicide, or upon the most unfavorable view would show the homicide to have been the result of culpable negligence of the accused and, therefore, could constitute no higher degree of homicide than manslaughter, and there was no substantial fact or circumstance in the evidence nor testimony of witnesses to contradict the defendant's account of the

transaction, a verdict of murder in the second degree should not be sustained.

Having arrived at this conclusion, it is unnecessary to discuss assignments of error involving other questions.

The judgment should be reversed and it is so ordered.

Reversed.

TERRELL, C. J., AND WHITFIELD AND BROWN, J. J., concur.

STRUM, J., concurs specially.

STRUM, J. (concurring specially):

I concur in the judgment of reversal, but upon grounds other than those stated in the opinion.