ROBERT JENKINS v. STATE.

161 So. 840.
Opinion Filed June 4, 1935.

*J. B. Murrow,* and *J. Walker Hogan,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, J.—From a sentence of death the plaintiff in error appeals to this Court, assigning as error the inconclusive nature of the evidence as to premeditated design in a prosecution brought against him for murder in the first degree of which he was found guilty.

Like Moses, the Biblical character, whose justifiable killing of the Egyptian (Exodus 2: 11-15) was followed by

the concealment of the victim's body in order to avoid arrest and execution for his deed, the defendant in this case, in his version of the homicide, which is uncontradicted, admitted that after the killing the negro woman with whom he was at the time having a personal encounter, he became afraid and "looked this way and that way, and when he saw that there was no man he slew (his victim) and hid her in the sand," but that the killing was in the course of a fight between him and the slain woman, his wife, and that the cutting occurred with a knife with which the woman herself first attacked him, after biting his arm and otherwise demonstrating that she intended to inflict serious bodily injuries on him.

A majority of the Court are of the opinion that the present case is within the rule of Holton v. State, 87 Fla. 65, 99 Sou. Rep. 244, wherein this Court approved a rule to the effect that where there is a total absence of any other evidence except the defendant's own account of a killing in which he admits giving the fatal wound to the deceased, but states it to have been under circumstances that would have made out murder in the second degree or manslaughter at the most, and there is no other fact or circumstances, nor testimony of witness legally sufficient to contradict the defendant's account of the transaction, a verdict for premeditated murder will not be sustained.

. In cases where capital punishment has been exacted by a jury's verdict in a first degree murder conviction, the evidence of the premeditated design ought to be supported by something more than guesswork and suspicion, especially where the account of the homicide, as given by the accused, indicates a slaying in mutual combat under circumstances not making out a case of premeditation and there is no evidence from which to infer premeditation except the

bare fact of the concealment of the whereabouts of the body of the victim for a short time, followed by its voluntary disclosure to the officers, who testify they employed no duress or other unlawful means to induce the defendant to tell about the occurrence.

Reversed for a new trial.

WHITFIELD, C. J., and ELLIS, TERRELL and BROWN, J. J., concur.

BUFORD, J., dissents.

BUFORD, J. (dissenting).—The writ of error is to review a judgment of conviction of murder in the first degree.

It is contended that the evidence is not sufficient to establish venue in Orange County, Florida, and is also insufficient to prove the element of premeditated design. I find sufficient substantial evidence to warrant the jury in concluding that the homicide occurred in Orange County, Florida. See Lowman v. State, 80 Fla. 18, 85 Sou. 166.

I also think all the circumstances surrounding the homicide, the nature of the fatal wound, the conduct of the accused, who admitted the killing and the unreasonableness of the version of the homicide as detailed by the accused when testifying as a witness in his own behalf, were sufficient to convince the jury that the accused was guilty of murder in the first degree.

The judgment should be affirmed.