The appellant was indicted for murder in the second degree, and the jury found him guilty of manslaughter.
There can be no doubt that he committed the homicide; in truth, he freely admits it. The evidence, however, that his act was unlawful is far from conclusive. No one saw the fatal shots fired, although there were witnesses who recounted an angry conversation between the appellant and the deceased immediately preceding the killing. These accounts were fragmentary and so unconvincing as not to controvert the appellant's story that he shot the victim in self-defense when the deceased advanced upon him after being ordered out of appellant's home.
From a perusal of the entire record of the testimony taken at the trial this writer has the view that the case falls within the rule announced in Holton v. State, 87 Fla. 65, 99 So. 244, that when a defendant admits firing a fatal shot and relates circumstances showing justification for his act, the verdict of guilt will not be sustained in the absence of evidence to contradict his story.
I cannot agree to the judgment of affirmance.
CHAPMAN and BARNS, JJ., concur. *Page 775