PEARSON, Judge.
The appellant was convicted of uttering a forged or false prescription for a barbiturate or central nervous system stimulant in violation of § 404.02(11), Fla.Stat., F.S.A., and sentenced to two years in the state penitentiary. On this appeal he presents several points, but we consider only the point directed to the sufficiency of the evidence to sustain the conviction. We hold the evidence is insufficient and reverse.
Three witnesses testified for the state.
A pharmacist testified that the appellant presented the prescription in question to him and that he filled it. The signature “J. Rodriguez” followed by the printed letters “M.D.” appear on the prescription.
An inspector for the Florida State Bureau of Narcotics testified that he and another inspector took a photograph of the appellant; that the two inspectors showed several photographs, including that of the appellant, to the pharmicist; that the pharmacist identified the appellant as the person for whom he filled the prescription; and *862 that the two inspectors found the prescription in question in the files of the pharmacist.
An assistant secretary of the State Board of Medical Examiners testified that the records of the Board, which records are right up to date, reflected that the only J. Rodriguez licensed to practice medicine in Florida is a Josephine Rodriguez, whose address is Darien, Connecticut, and who is not living in Florida. On these facts the court found that the appellant had presented a false or forged prescription.
The conviction and sentence must be reversed upon the rule set forth in Mayo v. State, Fla.1954, 71 So.2d 899, 904:
“When circumstantial evidence is relied upon to convict a person charged with a crime, the evidence must not only be consistent with the defendant’s guilt but must also be inconsistent with any reasonable hypothesis of his innocence. Head v. State, Fla.1952, 62 So.2d 41; Bellamy v. State, 96 Fla. 808, 119 So. 137. And evidence which leaves one with ‘nothing stronger than a suspicion’ that the defendant committed the crime is not sufficient to sustain a conviction. Frank v. State, 121 Fla. 53, 57, 163 So. 223, 224.”
See also Forbes v. State, Fla.App.1968, 210 So.2d 246. But see Dobry v. State, Fla.App.1968, 211 So.2d 603.
Appellate courts are always reluctant to reverse a conviction when the evidence presents a strong possibility that the appellant is guilty. But we may not substitute our feelings in the matter for proof in the record. The just application of law requires an adherence to rules of law in every case. It is a rule of law that probability may not be substituted for proof.
In the instant case we cannot reject as unreasonable the hypothesis that Dr. J. Rodriguez was in Florida for a time despite the fact that her address is Darien, Connecticut. In this connection we note that the pharmacist testified that he recalled having received other prescriptions of Dr. J. Rodriguez. In addition, the evidence does not exclude the hypothesis that the prescription was sent to the appellant from Darien, Connecticut. In either event it would not be a false or forged prescription.
We note that the state is not precluded from proof of guilt by the rule recited. If J. Rodriguez is licensed to practice medicine in this State, then the signature of J. Rodriguez should be available in the office of the Secretary of the Board of Medical Examiners. Proof of the authenticity or falsity of the signature on the prescription should not have been difficult.
Having reached the conclusion that as a matter of law the evidence does not establish that the prescription allegedly uttered by the appellant is false or forged, we must reverse the finding of guilt because an essential element of the crime as set forth in the statute has not been proved.
Reversed with directions to discharge the appellant.
BARKDULL, Judge, dissents.