307 So.2d 218 (1974)
Tommy L. HARRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1421.
District Court of Appeal of Florida, Third District.
December 19, 1974.
Rehearing Denied January 8, 1975.
*219 Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
NATHAN, Judge.
The defendant appeals a conviction of unlawful possession of heroin entered after trial by the court without a jury, and a sentence of one year in the county stockade.
The record reflects that the defendant was the driver of a car which was owned by the only passenger, one Smith, who was sitting in the front seat with the defendant. When the car was stopped by the arresting officers for running a stop sign, one of the officers observed a tin foil packet on the floor of the car just inches from the driver's side and he testified that he believed it contained a narcotic substance, which it did. The drug was not visible to the naked eye. The defendant testified in his own behalf that he had been driving the car for only a few minutes, that he did not know the heroin was in the car and that the car was owned by passenger Smith.
The thrust of the defendant's appeal is that the state failed to prove actual or constructive possession of the heroin and, therefore, the evidence was insufficient to warrant conviction.
It is well established that if the premises on which the drugs are found is not in the exclusive but only in the joint possession of the accused, knowledge of the drug's presence on the premises and the ability to maintain control over it by the accused will not be inferred but must be established by proof. Frank v. State, Fla.App. 1967, 199 So.2d 117, 120; Markman v. State, Fla.App. 1968, 210 So.2d 486, 487.[1]
The only evidence in this case with which the state could prove knowledge of the presence of the heroin packet would be the testimony of one of the officers that the packet was located approximately eight inches closer to the defendant than to the passenger, Smith. This is clearly circumstantial evidence, and in order *220 for circumstantial evidence to be sufficient for conviction, it must be "... consistent with the accused's guilt, inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt." Brown v. State, 1937, 127 Fla. 225, 172 So. 921; Miller v. State, Fla.App. 1972, 270 So.2d 423, 424; Gaetano v. State, Fla. App. 1973, 273 So.2d 84, 86; Whitehead v. State, Fla.App. 1973, 273 So.2d 146, 147-148.[2]
We are of the opinion that the facts subjudice are supportive of reasonable hypotheses of the defendant's innocence and, for this reason, the conviction and sentence appealed hereby are reversed, with directions to discharge the appellant.[3]
Reversed and remanded, with directions.
NOTES
[1] Accord, Langdon v. State, Fla.App. 1970, 235 So.2d 321; Thomas v. State, Fla.App. 1974, 297 So.2d 850.
[2] Accord, Lockett v. State, Fla.App. 1972, 262 So.2d 253; McGuire v. State, Fla.App. 1974, 288 So.2d 271.
[3] We are shortening the time for rehearing in this cause, and require that a petition for rehearing, if any, be filed within five (5) days of this opinion because of the short sentence which the appellant is now serving.