404 So.2d 185 (1981)
STATE of Florida, Appellant,
v.
Jimmy STEWART, Appellee.
No. 80-1278.
District Court of Appeal of Florida, Fifth District.
September 30, 1981.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellee.
SHARP, Judge.
The State appeals from the dismissal[1] of an information which charged Stewart with second degree murder in connection with the stabbing death of his girlfriend. Stewart was the only other person present at the time of the stabbing, and in his sworn (c)(4) motion, he claimed the injury to the decedent was accidental, inflicted either by himself or by the decedent to herself, while they were struggling over a knife in bed. Although the State demurred to the (c)(4) motion, thereby admitting the facts alleged therein,[2] the State argues that other factors *186 present in the (c)(4) motion and in the record are sufficient to counter Stewart's version that the stabbing was accidental. We agree and reverse.
As this court has repeatedly held in the context of a (c)(4) motion,[3] this procedure is no substitute for a trial, and if any facts or inferences therefrom establish a prima facie case against the defendant, it should not be granted. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. Cramer, 383 So.2d 254 (Fla. 2d DCA 1980). The trial court assumed the defendant's version of the victim's death as "accidental" must be accepted as true, and therefore second degree murder could not be proven. However, it is not infrequent that the defendant and the murder victim are the only people present at a crime scene. The state is certainly not precluded from trying to prove second or even first degree murder, based on the circumstances of the death. The general standard is that where the evidence is circumstantial, a conviction cannot stand unless the evidence is inconsistent with any reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972 (Fla. 1977). However, if the circumstances show the defendant's version is false, the defendant's version may be rejected. See McArthur v. State; Mayo v. State, 71 So.2d 899 (Fla. 1954); Holton v. State, 87 Fla. 65, 99 So. 244 (1924).
Here the victim met her death as the result of a clean and forceful thrust of a knife, some four inches deep, through her heart. The type of wound and the direction of the blow are sufficient alone to cast considerable doubt on the defendant's stories concerning an accidental cutting. Wrestling over the knife with such force that such a wound resulted was an act clearly imminently dangerous to the victim, and it also demonstrated Stewart's lack of regard for human life. In this case this is particularly true because the record established facts indicating the victim was in a state of immobility and physical helplessness at the time of her stabbing. Her blood test showed she was highly intoxicated and when found dying by her mother, the victim's lower garments were around her knees. There was no blood on the floor or furniture and only a small quantity on the bedsheets. These circumstances strongly suggest the decedent was lying immobile in bed when she was stabbed, and she never moved again.
REVERSED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] Fla.R.Crim.P. 3.190(c)(4).
[2] Fla.R.Crim.P. 3.190(d).
[3] Fla.R.Crim.P. 3.190(c)(4).