GLICKSTEIN, Judge.
Appellant was convicted of trafficking in cannabis in excess of 100 but less than 2,000 pounds. He was sentenced to three years in prison and fined $25,000. On appeal he argues the evidence is insufficient to sustain a conviction for constructive possession. Although this is a close case, we disagree.
At about 5:00 p.m. on January 21, 1981, the owner of an oceanfront home in Sea-grove Subdivision reported a small boat in distress to the Indian River County Sheriff’s Department. A deputy, responding to the call, found the craft “at the end of Wind Cove” anchored no more than seventy-five feet offshore in the breakers with one black male aboard. He saw another black man, appellant, walking northbound on the beach with a gas can. The deputy motioned appellant to come forward and asked him for identification, which he produced. Appellant then told the deputy that he had just purchased the boat and was out fishing with his friend when the engine ran out of fuel. He borrowed the gas can from a nearby resident, Mr. Fernandez, he said.
While conducting a wanted person’s check, which proved negative, the officer watched appellant return to the boat, which still would not start. As the deputy observed from a distance of never closer than 50 to 100 feet, a wave caught the boat broadside so that he could see inside. He saw neither fishing gear nor evidence of contraband. Appellant returned to the beach, and the deputy drove him to a convenience store to buy more fuel. Appellant did not appear nervous and he spoke little, according to the deputy, although he did mention that he had to call his wife.
Upon their return, the deputy observed two other men, who, he believed, were security guards from Mr. Fernandez’s, pushing the boat away from shore ostensibly to prevent it from being beached. As the deputy watched, appellant and the other man aboard filled the engine with gas; the motor, however, still failed to start. Having observed nothing suspicious, the deputy left, but not before asking headquarters to call the Coast Guard to tell it the boat did not have enough fuel to reach the Fort Pierce Inlet.
A detective, although obviously testifying about the following day, said that about 8:20 a.m. on January 21st, he responded to a dispatch that a boat “in the area of Wind-cove off the beach aways about 100 yards” appeared unattended and suspicious. After locating the craft, which looked like it was anchored but drifting, he watched it for about an hour. Two other detectives then rowed out to the unoccupied boat where they detected the odor of marijuana. Subsequently, the marine patrol towed the mo-torcraft into port where the officers observed the contraband “through the port holes in the front side of the boat.” They obtained a search warrant, which was executed, yielding 11 bales of marijuana totaling 367 pounds.
The case law on constructive possession is clear; proof of guilt consists of three elements:
(1) The accused must have dominion and control over the contraband;
(2) The accused must have knowledge that the contraband is within his presence, and;
*615 (3) The accused must have knowledge of the illicit nature of the contraband.
Wale v. State, 397 So.2d 738, 739 (Fla. 4th DCA 1981), citing Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976), and Willis v. State, 320 So.2d 823 (Fla. 4th DCA 1975). In addition, in Harvey v. State, 390 So.2d 484 (Fla. 4th DCA 1980), we approved the principle that in order for circumstantial evidence to be sufficient for conviction, it must be “consistent with the accused’s guilt, inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt.” Id. at 484, quoting Brown v. State, 127 Fla. 225, 172 So. 921 (1937).
Turning to the present case, we believe the proof was legally sufficient to sustain a verdict of guilty. The deputy sheriff testified that appellant told him the boat was his. This conversation took place in the late afternoon when the boat was disabled and appellant had been on board. The boat was found the following morning in the same area, obviously abandoned. Although there was no direct testimony by the detective who boarded the boat the following morning that it was still disabled, the testimonial gap is insignificant when viewed in light of the evidence that it was observed at all times that morning to be 100 yards offshore and anchored but drifting in the same area where seen the previous late afternoon. To conclude that the marijuana was not present the previous late afternoon when appellant was on board the boat— which according to the deputy but denied by appellant, was proclaimed by appellant to be his — we would have to believe that between late afternoon when the boat was disabled offshore and early morning, when it was drifting offshore in the same area, someone placed the 11 bales on board and left them there. That is certainly an hypothesis of innocence but hardly a reasonable one. Nor do we find a logical similarity between the facts of this case and those in Falin v. State, 367 So.2d 675 (Fla. 3d DCA 1979), upon which appellant relies. In that case appellant was in joint possession of a motel room but was being detained several miles away at a police station when the contraband was seized. The court found no evidence eliminated the “reasonable” hypothesis that the drugs came into the motel room without Falin’s knowledge and after he left. A motel room with its ease of access by others is one thing; a marijuana-filled boat found drifting in the Atlantic Ocean early in the morning in the same area where it was disabled with appellant aboard and claiming ownership the previous late afternoon is quite another. Accordingly, we affirm.
LETTS, C.J., and BERANEK, J., concur.