512 So.2d 1099 (1987)
Herman R. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1797.
District Court of Appeal of Florida, Fifth District.
September 17, 1987.
*1100 James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Thomas appeals from his conviction and sentence for possession of cocaine[1] on the ground that the trial court erred in failing to grant his motion for acquittal because the circumstantial evidence was insufficient to establish his knowledge and possession of the cocaine. He also asserts the trial court erred in assessing costs against him without giving him notice and making a determination he had the ability to pay them. We affirm the conviction but strike the portion of the order appealed which imposes costs.
The state's evidence at trial established that at approximately 6:30 p.m. on April 10, 1986 two undercover police officers in an unmarked car were patrolling a field behind an elementary school in Sanford. This area was known to be frequented by persons using controlled substances. They saw a 1975 four-door maroon Buick parked in the field, with two men in the front seat. The officers stopped ten feet away from the Buick, and began to approach it on foot. Before they got to the Buick, the man sitting on the passenger side, Smith, quickly emerged, and began to walk away. The officer glanced into the passenger side of the car and observed a pipe and other drug paraphernalia. He arrested the passenger on the spot.
Thomas briefly remained sitting in the driver's seat with the door closed. The other officer approached the driver's side of the Buick, and asked him to get out. Thomas did so, and he was immediately arrested. The officers found two manila envelopes containing a small amount of marijuana in Thomas' pocket, and they observed a mirror, razor, cigarette rolling papers and other drug paraphernalia on the console between the front seats, or on the hump where the transmission fits between the seats.
It was later determined that Smith owned the Buick. The officers could not establish whether Thomas had been driving it, or had been sitting in the driver's seat for a few minutes. Regardless, the officers testified they found several small pieces of crack cocaine, together with a small piece of foil on the center, upper edge of the driver's seat, which had just been vacated by Thomas. The cocaine bits were very small, but they were situated together in an area one-to-two square inches.
At the close of the state's case, Thomas argued the presence of the cocaine in the driver's seat was equally susceptible to reasonable inference of innocence as well as guilt, and therefore the court should direct a verdict on the cocaine count. In opposition, the state argued that the manner in which the cocaine was found in Thomas' vacated seat circumstantially established guilt, not innocence. A person getting in and out of the driver's seat would have brushed and scattered the cocaine. The only rational explanation for their location is that they were carefully taken from the foil and placed on the seat by the person who last sat there  Thomas.
Thomas testified he knew what crack cocaine looked like, but was unaware of its presence on his seat in the car. He merely climbed into the driver's seat of the car to chat casually with Smith, an old friend he had not seen in a while, who had asked him *1101 for a match as he happened by the car in the field.
It is well established in Florida, although perhaps not all judges agree as to the application of the rule,[2] that where proofs against a defendant in a criminal case are circumstantial, a judgment of acquittal must be entered where the circumstantial evidence gives rise to inferences equally consistent with the defendant's innocence or guilt.[3] In McArthur v. State, 351 So.2d 972 (Fla. 1977), the court said the proofs were consistent with guilt, but that they were "equally" or "likewise consistent with innocence."
Where the proof or circumstantial evidence does contradict the defendant's theory of innocence, and where in the judgment of the reviewing court and trial judge, the inferences pointing to guilt are sufficiently strong to permit a jury to find guilt beyond a reasonable doubt, the case should go to the jury.[4] In Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), and Heiney v. State, 447 So.2d 210 (Fla. 1984), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984), the court used language which can be interpreted as saying that a circumstantial evidence case is always a proper one for the jury, even where the inferences of guilt or innocence are theoretically equally balanced. However, we do not read that language as controlling since in neither opinion did the court cite McArthur, nor recede from it and the long line of appellate decisions based on McArthur.[5] Further, in Rose and Heiney, the circumstantial evidence overwhelmingly pointed towards guilt, not innocence.
This is a much closer case than Rose and Heiney, but the position and manner in which the bits of crack cocaine were arranged in Thomas' just vacated seat persuasively contradict his theory of innocence, and would permit a jury to find him guilty beyond a reasonable doubt. The most logical and rational explanation for the cocaine being centered in the upper part of Thomas' seat, next to a piece of foil, is that he himself put them there, just prior to being asked to get out of the car. Had he been unaware of them, they most likely would have been brushed aside by Thomas' legs as he got into and out of the seat.
Furthermore, the proximity of the cocaine to Thomas' hands and legs, as he sat in the car with the substance literally between his thighs, is certainly sufficient to constitute knowledge and actual or constructive possession.[6] This case is distinguishable from Metzger v. State, 395 So.2d 1259 (Fla. 3rd DCA 1981), where there were no circumstances necessarily pointing to the defendant's knowledge of the presence of contraband stored below the deck of a boat on which he was a passenger, and Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978), where the defendant was sitting in the driver's seat in an automobile with four others, and contraband was found in the unlocked center console next to his seat.
In this case the only way the cocaine could have remained in the place it was found was if Thomas sat next to it gingerly and handled it carefully. We affirm Thomas' conviction because the circumstantial evidence was consistent with his guilt, inconsistent with his innocence, and sufficiently *1102 strong to permit a jury to exclude every reasonable hypothesis of innocence. Herman v. State, 472 So.2d 770 (Fla. 5th DCA 1985), review denied, 482 So.2d 348 (Fla. 1986).
However, we reverse those portions of the judgment appealed in this case relating to imposing court costs on the defendant. Here Thomas was determined to be indigent and the trial court failed to make a specific determination that he had the ability to pay court costs.[7] The record on appeal also fails to show that Thomas was given adequate notice and opportunity to object to the imposition of court costs.[8] Therefore, that portion of the order below imposing court costs pursuant to section 960.20, section 943.25 and section 27.3455, Florida Statutes, violates due process and we strike it without prejudice to the reimposition of such costs on remand.
CONVICTION AFFIRMED; COSTS STRICKEN; REMANDED.
COWART, J., concurs specially with opinion.
COBB, J., dissents with opinion.
COBB, Judge, dissenting:
The defendant, Herman Thomas, was convicted of possession of cocaine and possession of less than 20 grams of cannabis. His appeal challenges only the cocaine conviction under count one of the information.
The facts show that Thomas was sitting in the driver's seat of an automobile, parked near an elementary school in a field. Police officers parked behind the vehicle and approached it on foot, and a person sitting in the passenger seat exited the vehicle. The officers observed a home made pipe on the floor of the car from their vantage point outside the vehicle. After both occupants exited the vehicle, several other items of drug paraphernalia were found strewn throughout the vehicle, including another pipe, rolling papers, tweezers, small baggies and tin foil. Also found lying in the middle of the driver's seat were several pieces of rock cocaine. Thomas admitted to having purchased some marijuana found in his pocket, for which he was convicted under count two of the information.
At trial Thomas testified that he was walking through the field near the school, taking a shortcut on his way to meet his girlfriend. He saw his acquaintance, Roger Smith, sitting in his parked car in the passenger seat. Both of the car doors were open. Smith spoke to Thomas, and Thomas sat on the edge of the driver's seat to talk. Within two minutes the police officers drove up. It was established without dispute that the car was owned by Smith.
The cocaine charge against Thomas was based on "constructive possession" because of his presence in the vehicle where it was discovered. It was incumbent upon the state to establish three essential elements: (1) his dominion and control over the contraband; (2) his knowledge that the contraband was within his presence; and (3) his knowledge of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (Fla. 1983), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Ivey v. State, 420 So.2d 613 (Fla. 4th DCA 1982), *1103 review denied, 429 So.2d 6 (Fla. 1983); State v. Cristodero, 426 So.2d 977 (Fla. 4th DCA 1982), review denied, 436 So.2d 100 (Fla. 1983). The state must prove all three elements. Where contraband is found in the joint, rather than exclusive, possession of a defendant, knowledge of the contraband's presence and the ability to control it will not be inferred absent independent proof of such knowledge and control. Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975); Metzger v. State, 395 So.2d 1259 (Fla.3d DCA 1981). Additionally, in order for circumstantial evidence to suffice as proof of knowledge and control, such evidence must not only be consistent with the defendant's guilt, but also inconsistent with any reasonable hypothesis of innocence. Wilson v. State, 493 So.2d 1019 (Fla. 1986).
In three analogous cases  i.e., nonowner defendants found with other persons in an automobile containing contraband  appellate courts in Florida have reversed convictions. Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978); Harris v. State, 307 So.2d 218 (Fla.3d DCA 1974), cert. denied, 315 So.2d 195 (Fla. 1975); Thomas v. State, 297 So.2d 850 (Fla. 4th DCA 1974). The facts in Harris are remarkably similar to those in the instant case. The defendant Harris was the driver of a car owned by the front-seat passenger. When the car was stopped for a traffic infraction, the police officers observed a tin foil packet (later found to contain heroin) on the front floor of the car. Harris, who was convicted of possession of heroin, testified at trial that he had been driving the car for only a few minutes, that he did not know the heroin was in the car and that the car was owned by the passenger. In reversing Harris's conviction, the Third District found that the only evidence of his knowledge of the presence of the heroin was the testimony of the officer that the packet was located approximately eight inches closer to Harris than to the passenger. It was held that this circumstantial evidence was insufficient for a conviction, as it was not inconsistent with Harris's hypothesis of innocence.
If the rule were that the reasonableness of any hypothesis of innocence is always a question for the jury, then there would be no special standard governing sufficiency of evidence in circumstantial evidence cases  and the Florida Supreme Court has repeatedly told us that there is. See, e.g., Ross v. State, 474 So.2d 1170 (Fla. 1985); Williams v. State, 437 So.2d 133 (Fla. 1983), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984); Jaramillo v. State, 417 So.2d 257 (Fla. 1982); Peek v. State, 395 So.2d 492 (Fla. 1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981); McArthur v. Nourse, 369 So.2d 578 (Fla. 1979); McArthur v. State, 351 So.2d 972 (Fla. 1977); Davis v. State, 90 So.2d 629 (Fla. 1956); Mayo v. State, 71 So.2d 899 (Fla. 1954); Head v. State, 62 So.2d 41 (Fla. 1952); Jenkins v. State, 120 Fla. 26, 161 So. 840 (1935); Solomon v. State, 115 Fla. 310, 156 So. 401 (1934); Kelly v. State, 99 Fla. 387, 126 So. 366 (1930); Metrie v. State, 98 Fla. 1228, 125 So. 352 (1930); Bellamy v. State, 96 Fla. 808, 119 So. 137 (1928); Holton v. State, 87 Fla. 65, 99 So. 244 (1924); Whetston v. State, 31 Fla. 240, 12 So. 661 (1893); Coleman v. State, 26 Fla. 61, 7 So. 367 (1890). It also means that there is no such thing as a judgment of acquittal short of a jury verdict in a circumstantial evidence case. See Fowler v. State, 492 So.2d 1344, 1347 (Fla. 1st DCA 1986),review denied, 503 So.2d 328 (Fla. 1987).
Two Florida Supreme Court cases  Heiney and Rose[1]  appear to conflict with the cases cited above. Fowler attempts to distinguish them as follows:
Despite the apparent inconsistency of the statements of law quoted from the various decisions, neither Heiney nor Rose has disturbed the long-standing principles enunciated in Mayo and McArthur. As we read Mayo and McArthur, the court held that a conviction returned by the jury could not be sustained by the *1104 court unless there was competent and substantial evidence "inconsistent with any reasonable hypothesis of innocence." In other words, it is for the court to determine, as a threshold matter, whether the state has been able to produce competent, substantial evidence to contradict the defendant's story. If the state fails in this initial burden, then it is the court's duty to grant a judgment of acquittal to the defendant as to the charged offense, as well as any lesser-included offenses not supported by the evidence. This must be so because "the version of events related by the defense must be believed if the circumstances do not show that version to be false." McArthur, 351 So.2d at 976. Even in our recent opinion in Buenoano we recognized that the jury could choose to disbelieve the defense only "regarding facts on which the state has presented contrary testimony." Buenoano v. State, 478 So.2d 387 at 390 [Fla. 1st DCA 1985]. Otherwise, there would be no function or role for the courts in reviewing circumstantial evidence, as was stated so well in Davis v. State, 436 So.2d 196 at 200 [Fla. 4th DCA 1983]: "If we were to follow the state's logic, a trial judge could never answer that question and could never grant a motion for judgment of acquittal pursuant to Florida Rule of Criminal Procedure 3.380 when the evidence [is] circumstantial. Instead, every case would have to go to the jury."
As we read the opinions in Rose, Williams, and Heiney, the Supreme Court is merely recognizing the jury's right to determine whether the state has disproved the defendant's hypothesis of innocence in those cases where there is evidence presented by the state that contradicts the defendant's story. In such cases it becomes the jury's duty, as finders of fact, to determine what evidence is credible and whether the credible circumstantial evidence that is "inconsistent with the defendant's hypothesis of innocence" is sufficient to "exclude" every reasonable hypothesis of innocence beyond a reasonable doubt. It is our responsibility on this appeal, therefore, to review the evidence as a whole and determine whether the state has presented sufficient, competent evidence impeaching defendant's story to allow the jury to resolve the disputed issues of material fact. (Footnote omitted.)[2]
492 So.2d at 1346-47.
The Fowler distinction is essentially the same as that which we enunciated in Newberry v. State, 442 So.2d 334, 336 (Fla. 5th DCA 1983):
[W]here there is a reasonable hypothesis of innocence based on undisputed circumstantial facts, without resort to weighing issues of credibility, there can be no basis for a verdict of guilt (beyond and to the exclusion of every reasonable doubt)  hence, there would be an absence of substantial (as opposed to merely competent) evidence to submit to a jury.
If Heiney and Rose are in conflict with the cited cases, they have been superseded by Wilson simply because it is more recent. In point of fact, no reasonable hypothesis of innocence was advanced or available in accordance with the undisputed facts in either Heiney or Rose. Thus, both Heiney and Rose reached correct conclusions under the facts of those cases, despite the misleading statement of law recited in each.
The Fowler case, on the other hand, comprehensively and correctly sets forth an exposition of the law of Florida applicable to circumstantial evidence cases  and then incorrectly applies that law to the facts in Fowler to reach an incorrect result. The Fowler court failed to perceive that the state's evidence of flight and forcible taking of the victim's car and wallet was competent, substantial evidence inconsistent with the defendant's hypothesis of innocence so that a jury could properly find that hypothesis to be unreasonable.
In the instant case, there was competent evidence against Thomas: He was sitting *1105 in an automobile seat on which bits of cocaine were subsequently found. Judge Sharp's opinion contends that the only rational explanation for the location of the "very small cocaine bits" on the seat vacated by Thomas is that he put them there. In my view, this is inherently unreasonable. It is obvious that not everyone who sits on a small object in a car seat placed it there himself. There was no testimony whatsoever that Thomas attempted to conceal the cocaine.
Based upon the undisputed circumstantial facts, and without resort to weighing issues of credibility, there is a reasonable hypothesis of Thomas's innocence which was not refuted by the state's evidence: Thomas was sitting temporarily in his friend's car, which, without his complicity, contained small bits of cocaine and drug paraphernalia. Therefore, there was not substantial, competent evidence to submit to a jury  and Thomas's motion for judgment of acquittal should have been granted.
The instant affirmance is in conflict with the numerous Florida Supreme Court cases cited above other than Heiney and Rose. We should certify that conflict to the Florida Supreme Court for resolution. I would reverse.
COWART, Judge, concurring specially.
When in a criminal case, (1) there is no direct or inferential (circumstantial) evidence as to some essential element of the offense in question, or (2) even when there is adequate evidence that the offense has been committed, but it can have been committed by only one person and the exact same circumstantial evidence as to the identity of the one perpetrator applies equally to implicate the defendant and some other person,[1] a judgment of acquittal must be entered because the evidence is then legally insufficient to support a conviction of the defendant.
When there is competent, substantial circumstantial evidence from which a jury can infer guilt (that is, the jury can infer the existence of all essential elements of some charged criminal offense and that the defendant was the perpetrator) to the exclusion of every reasonable doubt,[2] then the truth of the underlying, evidentiary, implicative facts; the strengths and weaknesses of the inferences that can be reasonably drawn from those facts; the reasonableness of any doubt as to guilt (meaning the reasonableness and weight of all possibilities as to, or hypotheses of, innocence); all questions of credibility, including that of the defendant; and the total convincing force and effect of all the evidence in the case, are all for the jury to weigh and consider under the proper jury instructions because these matters go to the weight of the evidence in the case. See Heiney v. State, 447 So.2d 210 (Fla. 1984), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); State v. Williams, 444 So.2d 13 (Fla. 1984); Williams v. State, 437 So.2d 133 (Fla. 1983), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984); Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983); In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 595 (Fla. 1981), citing with approval Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd., 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Herman v. State, 472 So.2d 770 (Fla. 5th DCA 1985), rev. denied, 482 So.2d 348 (Fla. 1986); Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984); State v. Stewart, 404 So.2d 185 (Fla. 5th DCA 1981); Teague v. State, 390 So.2d 405 (Fla. 5th DCA 1980); Bouler v. State, 389 So.2d 1197 (Fla. 5th DCA 1980); Lowery v. State, 450 So.2d 587 (Fla. 1st DCA 1984); Knight v. State, 392 So.2d 337 (Fla. 3d DCA 1981), rev. denied, 399 So.2d 1143 (Fla. 1981).
*1106 The above attempt to formulate from case law principles of law[3] governing the granting or denying of judgments of acquittal in circumstantial evidence criminal cases are fully explored in the separate opinion in Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984).
The defendant in this case was convicted of violating section 893.13(1)(e), Florida Statutes (1985) which makes it unlawful for any person to be in actual or constructive possession of certain controlled substances (crack cocaine in this case). From the facts in the record and set forth in Judge Sharp's opinion, the jury could have reasonably believed and found that the defendant was knowingly in actual and conscious possession of the cocaine in question, whether such possession was exclusive or shared with the other occupant of the vehicle. Accordingly, the trial court correctly denied the defendant's motion for judgment of acquittal. His conviction is properly affirmed with the improperly imposed costs stricken.
NOTES
[1] §§ 893.03(2)(a)4 & 893.13(1)(e), Fla. Stat. (1985).
[2] See Dunn v. State, 454 So.2d 641, 642 (Fla. 5th DCA 1984) (Cowart, J., concurring specially).
[3] McArthur v. State, 351 So.2d 972 (Fla. 1977); see also Holton v. State, 87 Fla. 65, 99 So. 244 (Fla. 1924); Newberry v. State, 442 So.2d 334 (Fla. 5th DCA 1983).
[4] Coleman v. State, 26 Fla. 61, 7 So. 367 (Fla. 1890); Maisler v. State, 425 So.2d 107 (Fla. 1st DCA 1982), review denied, 434 So.2d 888 (Fla. 1983); Newberry.
[5] See Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), review denied, 503 So.2d 328 (Fla. 1987); Paz v. State, 480 So.2d 701 (Fla. 3rd DCA 1985); Ivey v. State, 420 So.2d 613 (Fla. 4th DCA 1982), review denied, 429 So.2d 6 (Fla. 1983); Harris v. State, 307 So.2d 218 (Fla. 3rd DCA 1974), cert. denied, 315 So.2d 195 (Fla. 1975).
[6] Muwwakil v. State, 435 So.2d 304 (Fla. 3rd DCA 1983), review denied, 444 So.2d 417 (Fla. 1984); State v. Cristodero, 426 So.2d 977 (Fla. 4th DCA 1982), review denied, sub nom., O'Donnell v. State, 436 So.2d 100 (Fla. 1983) and Rossi v. State, 436 So.2d 100 (Fla. 1983).
[7] See Jenkins v. State, 444 So.2d 947 (Fla. 1984); Harris v. State, 507 So.2d 1133 (Fla. 5th DCA 1987); Delifus v. State, 507 So.2d 753 (Fla. 5th DCA 1987); Hardy v. State, 503 So.2d 453 (Fla. 5th DCA 1987); Chance v. State, 498 So.2d 1064 (Fla. 5th DCA 1986); Butler v. State, 498 So.2d 611 (Fla. 5th DCA 1986); Evins v. State, 497 So.2d 1293 (Fla. 5th DCA 1986); Gaffney v. State, 497 So.2d 1292 (Fla. 5th DCA 1986), review denied, 506 So.2d 1041 (Fla. 1987); Gordon v. State, 497 So.2d 661 (Fla. 5th DCA 1986), affirmed, 509 So.2d 924 (Fla. 1987); Maxwell v. State, 492 So.2d 841 (Fla. 5th DCA 1986); Williams v. State, 492 So.2d 784 (Fla. 5th DCA 1986); Fletcher v. State, 491 So.2d 354 (Fla. 5th DCA), review denied, 500 So.2d 545 (Fla. 1986); Brooks v. State, 490 So.2d 173 (Fla. 5th DCA 1986).
[8] See Jenkins v. State, 444 So.2d 947 (Fla. 1984); Delifus v. State, 507 So.2d 753 (Fla. 5th DCA 1987); Butler v. State, 498 So.2d 611 (Fla. 5th DCA 1986); Gaffney v. State, 497 So.2d 1292 (Fla. 5th DCA 1986), review denied, 506 So.2d 1041 (Fla. 1987); Maxwell v. State, 492 So.2d 841 (Fla. 5th DCA 1986); Williams v. State, 492 So.2d 784 (Fla. 5th DCA 1986); Fletcher v. State, 491 So.2d 354 (Fla. 5th DCA), review denied, 500 So.2d 545 (Fla. 1986).
[1] Heiney v. State, 447 So.2d 210 (Fla. 1984), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed. 812 (1983).
[2] Recently, the Florida Supreme Court has determined that the First District's opinion in Buenoano is not in conflict with either Heiney or McArthur. See Buenoano v. State, 504 So.2d 762 (Fla. 1987).
[1] See note 13 to the separate opinion in Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984).
[2] Of course, any reasonable substantive possibility that the defendant is innocent necessarily constitutes a reasonable doubt as to his guilt. This is why a separate jury instruction as to circumstantial evidence has now been eliminated. (See In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981).
[3] In a system of law rather than of men it is far better to endeavor to conceptualize and articulate principles of law the application of which will tend to obtain similar results in similar cases, than to commission each trial judge to sail on trackless seas without guide, chart, or sextant with general orders to recognize and separate circumstantial evidence cases having adequate ("substantial") inferential strength from those which do not, an effort more futile than "an ad hoc visceral search for legislative intent". See Barton v. State, 507 So.2d 638, 640 (Fla. 5th DCA 1987).