COBB, Judge,
dissenting:
The defendant, Herman Thomas, was convicted of possession of cocaine and possession of less than 20 grams of cannabis. His appeal challenges only the cocaine conviction under count one of the information.
The facts show that Thomas was sitting in the driver’s seat of an automobile, parked near an elementary school in a field. Police officers parked behind the vehicle and approached it on foot, and a person sitting in the passenger seat exited the vehicle. The officers observed a home made pipe on the floor of the car from their vantage point outside the vehicle. After both occupants exited the vehicle, several other items of drug paraphernalia were found strewn throughout the vehicle, including another pipe, rolling papers, tweezers, small baggies and tin foil. Also found lying in the middle of the driver’s seat were several pieces of rock cocaine. Thomas admitted to having purchased some marijuana found in his pocket, for which he was convicted under count two of the information.
At trial Thomas testified that he was walking through the field near the school, taking a shortcut on his way to meet his girlfriend. He saw his acquaintance, Roger Smith, sitting in his parked car in the passenger seat. Both of the car doors were open. Smith spoke to Thomas, and Thomas sat on the edge of the driver’s seat to talk. Within two minutes the police officers drove up. It was established without dispute that the car was owned by Smith.
The cocaine charge against Thomas was based on “constructive possession” because of his presence in the vehicle where it was discovered. It was incumbent upon the state to establish three essential elements: (1) his dominion and control over the contraband; (2) his knowledge that the contraband was within his presence; and (3) his knowledge of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (Fla.1983), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Ivey v. State, 420 So.2d 613 (Fla. 4th DCA 1982), *1103 review denied, 429 So.2d 6 (Fla.1983); State v. Cristodero, 426 So.2d 977 (Fla. 4th DCA 1982), review denied, 436 So.2d 100 (Fla.1983). The state must prove all three elements. Where contraband is found in the joint, rather than exclusive, possession of a defendant, knowledge of the contraband’s presence and the ability to control it will not be inferred absent independent proof of such knowledge and control. Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975); Metzger v. State, 395 So.2d 1259 (Fla. 3d DCA 1981). Additionally, in order for circumstantial evidence to suffice as proof of knowledge and control, such evidence must not only be consistent with the defendant’s guilt, but also inconsistent with any reasonable hypothesis of innocence. Wilson v. State, 493 So.2d 1019 (Fla.1986).
In three analogous cases — ie., nonowner defendants found with other persons in an automobile containing contraband — appellate courts in Florida have reversed convictions. Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978); Harris v. State, 307 So.2d 218 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 195 (Fla.1975); Thomas v. State, 297 So.2d 850 (Fla. 4th DCA 1974). The facts in Harris are remarkably similar to those in the instant case. The defendant Harris was the driver of a car owned by the front-seat passenger. When the car was stopped for a traffic infraction, the police officers observed a tin foil packet (later found to contain heroin) on the front floor of the car. Harris, who was convicted of possession of heroin, testified at trial that he had been driving the car for only a few minutes, that he did not know the heroin was in the car and that the car was owned by the passenger. In reversing Harris’s conviction, the Third District found that the only evidence of his knowledge of the presence of the heroin was the testimony of the officer that the packet was located. approximately eight inches closer to Harris than to the passenger. It was held that this circumstantial evidence was insufficient for a conviction, as it was not inconsistent with Harris’s hypothesis of innocence.
If the rule were that the reasonableness of any hypothesis of innocence is always a question for the jury, then there would be no special standard governing sufficiency of evidence in circumstantial evidence cases — and the Florida Supreme Court has repeatedly told us that there is. See, e.g., Ross v. State, 474 So.2d 1170 (Fla.1985); Williams v. State, 437 So.2d 133 (Fla.1983), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984); Jaramillo v. State, 417 So.2d 257 (Fla.1982); Peek v. State, 395 So.2d 492 (Fla.1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981); McArthur v. Nourse, 369 So.2d 578 (Fla. 1979); McArthur v. State, 351 So.2d 972 (Fla.1977); Davis v. State, 90 So.2d 629 (Fla.1956); Mayo v. State, 71 So.2d 899 (Fla.1954); Head v. State, 62 So.2d 41 (Fla. 1952); Jenkins v. State, 120 Fla. 26, 161 So. 840 (1935); Solomon v. State, 115 Fla. 310, 156 So. 401 (1934); Kelly v. State, 99 Fla. 387, 126 So. 366 (1930); Metric v. State, 98 Fla. 1228, 125 So. 352 (1930); Bellamy v. State, 96 Fla. 808, 119 So. 137 (1928); Holton v. State, 87 Fla. 65, 99 So. 244 (1924); Whetston v. State, 31 Fla. 240, 12 So. 661 (1893); Coleman v. State, 26 Fla. 61, 7 So. 367 (1890). It also means that there is no such thing as a judgment of acquittal short of a jury verdict in a circumstantial evidence case. See Fowler v. State, 492 So.2d 1344, 1347 (Fla. 1st DCA 1986), review denied, 503 So.2d 328 (Fla.1987).
Two Florida Supreme Court cases — Hei-ney and Rose[1] — appear to conflict with the cases cited above. Fowler attempts to distinguish them as follows:
Despite the apparent inconsistency of the statements of law quoted from the various decisions, neither Heiney nor Rose has disturbed the long-standing principles enunciated in Mayo and McAr-thur. As we read Mayo and McArthur, the court held that a conviction returned by the jury could not be sustained by the *1104 court unless there was competent and substantial evidence “inconsistent with any reasonable hypothesis of innocence.” In other words, it is for the court to determine, as a threshold matter, whether the state has been able to produce competent, substantial evidence to contradict the defendant’s story. If the state fails in this initial burden, then it is the court’s duty to grant a judgment of acquittal to the defendant as to the charged offense, as well as any lesser-included offenses not supported by the evidence. This must be so because “the version of events related by the defense must be believed if the circumstances do not show that version to be false.” McArthur, 351 So.2d at 976. Even in our recent opinion in Buenoano we recognized that the jury could choose to disbelieve the defense only “regarding facts on which the state has presented contrary testimony.” Buenoano v. State, 478 So.2d [387] at 390 [Fla. 1st DCA 1985]. Otherwise, there would be no function or role for the courts in reviewing circumstantial evidence, as was stated so well in Davis v. State, 436 So.2d [196] at 200 [Fla. 4th DCA 1983]: “If we were to follow the state’s logic, a trial judge could never answer that question and could never grant a motion for judgment of acquittal pursuant to Florida Rule of Criminal Procedure 3.380 when the evidence [is] circumstantial. Instead, every case would have to go to the jury.”
As we read the opinions in Rose, Williams, and Heiney, the Supreme Court is merely recognizing the jury’s right to determine whether the state has disproved the defendant’s hypothesis of innocence in those cases where there is evidence presented by the state that contradicts the defendant’s story. In such cases it becomes the jury’s duty, as finders of fact, to determine what evidence is credible and whether the credible circumstantial evidence that is “inconsistent with the defendant’s hypothesis of innocence” is sufficient to “exclude” every reasonable hypothesis of innocence beyond a reasonable doubt. It is our responsibility on this appeal, therefore, to review the evidence as a whole and determine whether the state has presented sufficient, competent evidence impeaching defendant’s story to allow the jury to resolve the disputed issues of material fact. (Footnote omitted.)[2]
492 So.2d at 1346-47.
The Fowler distinction is essentially the same as that which we enunciated in Newberry v. State, 442 So.2d 334, 336 (Fla. 5th DCA 1983):
[W]here there is a reasonable hypothesis of innocence based on undisputed circumstantial facts, without resort to weighing issues of credibility, there can be no basis for a verdict of guilt (beyond and to the exclusion of every reasonable doubt) —hence, there would be an absence of substantial (as opposed to merely competent) evidence to submit to a jury.
If Heiney and Rose are in conflict with the cited cases, they have been superseded by Wilson simply because it is more recent. In point of fact, no reasonable hypothesis of innocence was advanced or available in accordance with the undisputed facts in either Heiney or Rose. Thus, both Heiney and Rose reached correct conclusions under the facts of those cases, despite the misleading statement of law recited in each.
The Fowler case, on the other hand, comprehensively and correctly sets forth an exposition of the law of Florida applicable to circumstantial evidence cases — and then incorrectly applies that law to the facts in Fowler to reach an incorrect result. The Fowler court failed to perceive that the state’s evidence of flight and forcible taking of the victim’s car and wallet was competent, substantial evidence inconsistent with the defendant’s hypothesis of innocence so that a jury could properly find that hypothesis to be unreasonable.
In the instant case, there was competent evidence against Thomas: He was sitting *1105 in an automobile seat on which bits of cocaine were subsequently found. Judge Sharp’s opinion contends that the only rational explanation for the location of the “very small cocaine bits” on the seat vacated by Thomas is that he put them there. In my view, this is inherently unreasonable. It is obvious that not everyone who sits on a small object in a car seat placed it there himself. There was no testimony whatsoever that Thomas attempted to conceal the cocaine.
Based upon the undisputed circumstantial facts, and without resort to weighing issues of credibility, there is a reasonable hypothesis of Thomas’s innocence which was not refuted by the state’s evidence: Thomas was sitting temporarily in his friend’s car, which, without his complicity, contained small bits of cocaine and drug paraphernalia. Therefore, there was not substantial, competent evidence to submit to a jury — and Thomas’s motion for judgment of acquittal should have been granted.
The instant affirmance is in conflict with the numerous Florida Supreme Court cases cited above other than Heiney and Rose. We should certify that conflict to the Florida Supreme Court for resolution. I would reverse.

. Heiney v. State, 447 So.2d 210 (Fla.1984), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed. 812 (1983).

. Recently, the Florida Supreme Court has determined that the First District’s opinion in Buenoano is not in conflict with either Heiney or McArthur. See Buenoano v. State, 504 So.2d 762 (Fla.1987).